Hirshhorn & Co. v. Stewart & Scott.

HIRSHHORN & Co. v. STEWART & SCOTT.

1. **Contract:** VENDOR AND VENDEE: WAIVER. If goods purchased do not comply with the conditions of the contract, it is the duty of the vendee to return them to the vendor without unreasonable delay, and if he fails to do so, or to give notice of an intention to do so, he is presumed to have waived his right.

2. ———: RESCISSION. As to what, under the circumstances, constitutes a reasonable time for rescinding the contract, is a question of law for the court.

*Appeal from Dubuque Circuit Court.*

FRIDAY, OCTOBER 25.

ACTION upon a promissory note. The cause was tried to the court without a jury, and judgment rendered for plaintiffs for the amount of a tender made by defendants. Plaintiffs appeal. The facts of the case are stated in the opinion.

*Robinson & Lacy,* for appellants.

*Fouke & Lyon,* for appellees.

BECK, J.—I. The petition declares upon a promissory note dated August 1, 1876. The answer alleges that the note was 1. CONTRACT: vendor and vendee: waiver. executed for certain cigars before ordered by defendants of plaintiffs, who are cigar makers. The cigars were to be manufactured expressly for defendants, and were to be of a specified quality and size. In pursuance of this order the cigars were sent to and received by defendants, but they proved to be of an inferior quality, of which plaintiffs were notified, and the quantity remaining unsold in the hands of the defendants they offered to return. It is further alleged that in March, 1877, upon the presentation of the note for payment, defendants tendered to plaintiffs the cigars on hand and a sum of money as the price of the cigars sold.

By an amendment to the answer it is alleged that the cigars, on account of the inferiority of their quality, were worth twenty dollars per thousand less than the contract price, and, therefore, the consideration of the note failed to the extent of two hundred dollars, which sum the defendants pray may be set off against this note. The reply to defendants' answer alleges that defendants accepted and proceeded to dispose of the cigars, and afterward executed the note in suit, and that until after the note became due, six months from its date, defendants gave plaintiffs no notice that they held the cigars, or any part thereof, subject to plaintiffs' order. The allegations of the answer are denied. The court below rendered the following judgment: "It is therefore considered and adjudged by the court that the defendants turn over to plaintiffs the cigars tendered, to-wit: seven thousand one hundred and fifty; that the clerk of the court pay over to plaintiffs the two hundred and fifty dollars and thirty cents in his hands received as a tender, as set out in defendants' answer, and that defendants have and recover of plaintiffs their costs," etc.

The evidence shows conclusively that defendants did receive the cigars, and, while complaining of their quality, executed the note for them; they sold a part of them, and made no proposition or offer to return them until the note became due, six months after the purchase. The testimony of both parties establishes these facts.

The defendants had the right, upon receipt of the cigars, if they were not of the quality agreed upon, to return them; but this right should have been exercised without unreasonable delay. If the goods were retained for an unreasonable time, and no notice given of an intention to return them, the law will regard it as an acceptance, and a waiver of the right to return the property. This is an elementary rule, and need not be supported by the citation of authorities. It is not questioned by counsel for defendants, but they insist that whether the cigars were kept for an unreasonable time, so that the defendants lost the right to rescind the contract and

return the property, was a question of fact for the court below. This question, it is insisted, was determined upon the evidence before the Circuit Court, and with that determination we cannot interfere, upon the ground that it is not without the support of evidence. But we think whether six months is an unreasonable time in which to exercise the right of rescission of the contract, under all the facts of the case, is a question of law, and not of fact. The plaintiffs lived in New York, the defendants in Dubuque. The defects in the goods, if they existed, were known to defendants before the note was executed. While complaining of the defects, defendants used language which authorized plaintiffs to believe that no objection was urged to the acceptance of the goods on that ground. After considerable business correspondence, in which the cigars were more than once referred to, the defendants finally, when the note was due and presented to them for payment, six months and more after the goods were received by them, declared the contract rescinded, and tendered the cigars remaining unsold to plaintiffs. These facts are undisputed. We are clearly of the opinion that defendants did not offer to return the goods within a reasonable time. The decision of the court below was erroneous in holding that defendants had the right to return the goods at the time their tender of the property was made. The judgment is based upon that view of the law. It is, therefore,

REVERSED.

*2. ——: rescission.*