## LUGER FURNITURE CO. v. J. G. STREET.

(Filed July 30, 1897.)

1. CONTRACT—*Vendor and Vendee—Waiver.* If goods purchased do not comply with the conditions of the contract, it is the duty of the vendee to return them to the vendor without unreasonable delay and if he fails to do so or to give notice of an intention to do so, he is presumed to have waived his right.

2. SAME—*Rescision—Question of Law.* What under the circumstances constitutes a reasonable time for rescinding the contract, is a question of law for the court.
   (Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Henry W. Scott, District Judge.*

*J. A. Wilson,* for plaintiff in error.

No brief for defendant in error.

Action commenced in the probate court of Oklahoma county by the Luger Furniture Co., a corporation, plaintiff in error, to recover of the defendant in error, J. G. Street, the sum of $113.10, for goods, wares and merchandise sold and delivered. The cause was appealed to the district court of Oklahoma county, where defendant in error had judgment, and the cause was brought to this court by the plaintiff below by petition in error.

Opinion of the court by

TARSNEY, J.: In December, 1893, the plaintiff, the Luger Furniture Co., a corporation, created under the laws of the state of Minnesota, sold to J. C. Street, defendant, who was engaged in the furniture business at Oklahoma City, O. T., "180 beds," at prices ranging from $1.10 to $2.60 per bed, the total of the invoice being $458.70. The goods were ordered by the defendant at Oklahoma City from one S. A. Russell, a merchandise broker, who was selling goods for the plaintiff upon commission. It was agreed between between Russell and the defendant that all of the beds ordered should be of the width of four feet two inches, and the order sent to plaintiff was for beds all of the width of four feet two inches. The plaintiff filled the order by shipping to the defendant the number of beds ordered, but seventy-five of said beds, invoiced at $113.10, were only four feet in width, being two inches narrower than ordered. Four foot beds were not

used by the trade in this Territory, nor were mattresses or springs suitable for use upon a four foot bed. The defendant received all the goods and placed them in storage in his warehouse and did not discover until five months afterwards that this lot of seventy-five were not of the width directed. He made no examination of them from the time they were received until more than five months afterwards, to ascertain if they were of the description and kind ordered. From time to time after the delivery he made payment by installments upon the bill until but $113.10 remained unpaid. At various times during said five months he asked for an extension of time to make payment. He first discovered the deficiency in the width of the beds when he set up the first of said lot of seventy-five for use, then, finding that there were no springs or mattrasses to match the same, he immediately notified the plaintiff of the deficiency and that these seventy-five beds were subject to its order. Plaintiff brought suit for the price of said beds and on this statement of facts the court below found for the defendant.

Plaintiff in error contends that defendant waived his right to rescind the contract as to these goods by waiting nearly six months before electing so to do; that he was bound within a reasonable time after the delivery to inspect the goods and ascertain whether they corresponded in kind with the goods ordered and, if not acceptable, to notify the plaintiff; that a purchaser of goods, if he claims that they do not correspond in kind or quality with those ordered, must, within a reasonable time, rescind the contract, or, if he retain the property and affirm the contract, he may recover damages from the vendor for the breach of the contract.

When goods are sent to a buyer in performance of the vendor's contract, the buyer is not precluded from objecting to them by merely receiving them, for receipt is one thing and acceptance another. A delivery, such as will satisfy the statutes of frauds and transfer the title from the vendor to the vendee, is one thing, and the acceptance of it, such as will estop the vendee from returning it to the vendor, is quite a different thing. (*Calhoun v. Paule*, 26 Mo. Appeals, 274; *Simpson v. Krumdick*, 28 Minn. 352.)

But receipt will become acceptance if the right of rejection is not exercised within a reasonable time. (Benjamin on Sales, vol. 2, sec. 935; *Henkel v. Welsh*, 44 Mich. 664; *Gaff et al v. Homeyer*, 59 Mo. 345; *Hirshhorn & Co. v. Stewart & Scott*, 49 Ia. 418.) In this last case, the facts were that the petition declared upon a promissory note; the answer alleged that the note was executed for certain cigars before ordered by defendants of plaintiffs who were cigar makers; the cigars were to be manufactured expressly for defendants and were to be of a specified quality and size. The cigars were sent to and received by defendant, but they proved to of an inferior quality. Plaintiffs were notified and the quantity remaining unsold in the hands of the defendants they offered to return, but they did not make any complaint or offer to return the cigars until the note for the purchase price became due, six months after the delivery of the goods. In that case the court says:

"The defendant had the right, upon the receipt of the cigars, if they were not of the quality agreed upon, to return them, but this right should have been exercised without unreasonable delay. If the goods were retained for

an unreasonable time and no notice given of an intention to return them, the law will regard it as an acceptance and a waiver of the right to return the property. This is an elementary rule and need not be supported by a citation of authorities. It is not questioned by counsel for defendants, but they insist that whether the cigars were kept for an unreasonable time, so that the defendants lost the right to rescind the contract and return the property, was a question of fact for the court below. This question it is insisted was determined upon the evidence before the circuit court, and with that determination we cannot interfere upon the ground that it is not without the support of evidence. But we think whether six months is an unreasonable time in which to exercise the right of rescission of the contract under all the facts of the case, is a question of law and not of fact."

That case differs only from the case at bar in the one particular that the defect in the goods were known to the defendants before the note was executed, while in this case the defect was not discovered until nearly six months after the goods were delivered; but we think the defendant in this case, even if he did not know of the defect for six months, was bound to have made such inspection or examination of the goods as would have enabled him to discover their condition within a less period of time.

For one who has purchased goods, to store them away, without examination or inspection or any effort to ascertain whether they complied with the terms of the contract of sale, is negligence which might seriously affect the rights of the vendor. We are aware that many lines of goods sold by merchants seriously deteriorate in value unless sold during the season they are manufactured or offered for sale. Each season has its styles and fashions in goods that is an essential element in their

value, and, if the purchaser can pack away such goods without inspection until the season is over and then claim they did not conform in style or description to the goods he ordered and compel the vendor to receive them back, his negligent retention of them may render them worthless to the vendor. For these reasons the law requires him to elect whether he will rescind or accept within a reasonable time, and he is bound to ascertain their condition and make such election within a reasonable time.

Taking into consideration the facts presented: that the contract for the purchase of the 180 beds was one entire contract; that the defendant sold all the remainder; that he, from time to time, made payments on the account; that he asked extension for this very balance and during all that time made no claim of any defect in the goods, we think that the plaintiff had a right to rely upon the assumption that the goods were satisfactory to the defendant and that they have a *prima facie* right to recover.

The rule of the English law is, that when the vendor sells an article by a particular description, it is a condition precedent to his right of action that the thing that he offers to deliver or has delivered should answer the description. (Benjamin on Sales, 803.)

But in this country the courts generally hold that when goods are sold by description, there is an implied warranty that they shall answer the description. (*Sweet v. Shumway*, 102 Mass. 365; *Woolcut v. Mount*, 38 N. J. L. 496; *Van Wyck v. Allen*, 69 N. Y. 61; *Henshaw v. Robbins*, 50 Mass. 83.)

Where, therefore, the vendee has accepted the goods or has done acts which are equivalent to acceptance,

such as retaining them for an unreasonable time without rescision of the contract, the vendor has a *prima facie* right to recovery, although the goods do not correspond in description with the goods contracted for.

We conclude, therefore, that the court below erred in holding that the defendant rescinded the contract within a reasonable time, so as to bar any right of action on the part of the plaintiff.

The cause is reversed and remanded for a new trial

All the Justices concurring.