[No. 4039. Decided March 14, 1902.]

JOHN W. KLEEB, *Respondent,* v. LONG-BELL LUMBER COMPANY, *Appellant.*

SALES — RESCISSION — REASONABLE TIME — QUESTION FOR COURT.

Where the purchaser of a comparatively small quantity of shingles, which it would not take long to examine, waited over two months after their receipt before notifying the vendor of the rescission of the contract because of the inferior quality of the shingles, the question of reasonable time in rescinding the sale was one of law for the court, and a finding that such time was unreasonable was warranted by the facts.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. SNELL, Judge. Affirmed.

*F. S. Blattner,* for appellant.

*Parsons, Parsons & Parsons,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Action upon contract for sale of lumber. The complaint, in substance, alleges that plaintiff sold to defendant a bill of lumber and shingles at Gray's Harbor, in this state, and the grades and quality of the

lumber are specified in the bill; that about the 20th of August, 1899, the lumber was loaded on the cars at South Bend and billed to Troy, Missouri, to defendant; that defendant was a corporation organized under the laws of Missouri, with its principal place of business at Kansas City; that defendant agreed to pay for the lumber and shingles the sum of $479.57 sixty days after the 30th day of August, 1899; that plaintiff had demanded payment of the same and defendant had refused to pay said sum; with demand for judgment. The answer, in substance, denies that defendant agreed to pay the amount of $479.57 in sixty days after the 30th day of August, 1899, and denies that it is indebted to plaintiff in any sum whatever. By way of defense, the answer alleges that prior to the 7th of August, 1899, the defendant was a wholesale and retail dealer in lumber and shingles, which was well known to plaintiff, and that about the 7th of August, 1899, defendant ordered from plaintiff a quantity of lumber, to be of the grade, quality, and description set out in the order, which lumber was ordered delivered to defendant at Troy, Missouri; that, at the time the order was made, defendant had a purchaser for the lumber and shingles at Troy, Missouri, who was able, ready, and willing to take the lumber at a profit to the defendant of the sum of $32.56, which fact was well known to plaintiff at the time; that thereafter plaintiff delivered at Troy, Missouri, certain lumber and shingles, which plaintiff alleged were delivered in compliance with the order, but defendant alleges that the same were of a much inferior grade, quality, and description, and because thereof the aforesaid purchaser at Troy and the defendant refused to accept the same, and notified plaintiff thereof; that thereupon plaintiff requested defendant to pay the freight on

said lumber and dispose of it for the best price defendant could obtain; that thereupon defendant paid freight on the lumber, amounting to $161.20, and then sold a portion thereof for the sum of $163.70, which was the best price obtainable for the lumber at that place and time; that thereupon plaintiff notified defendant not to sell the balance of the lumber, and defendant holds the balance of same subject to the order of the plaintiff. Defendant alleges that it incurred expenses in the sale and handling of the lumber in the sum of $58.36; that defendant was unable to procure any other lumber of the same kind as aforesaid in time to deliver the same to said purchaser, and lost the sale thereof and the profit thereon. By reason of the premises defendant demands judgment on the counterclaim in the sum of $88.42.

Upon the trial the evidence disclosed that the lumber and shingles were received at Troy, Missouri, by defendant on the 17th of September, 1899, and that the purchaser who was to receive the lumber from defendant, upon an examination, refused to purchase the same, assigning as the reason therefor that the grades and quality were inferior to that ordered. Thereupon the defendant, from its office at Kansas City, sent its agent to examine and grade the lumber and shingles. Such agent reported to the defendant that the quality was somewhat inferior to that ordered. Thereafter correspondence took place between the defendant and its agent in Tacoma, in which the agent there suggested to the defendant that another examination be made, and an endeavor made to adjust whatever differences existed as to quality. But it appears that the first notification to plaintiff of any objection to the grade or quality of the lumber was given about the 20th of November, 1899, after which considerable corres-

pondence occurred between plaintiff and defendant. During the course of this correspondence it seems that plaintiff expressed a willingness to receive pay for the lumber and shingles according to the first grading of the stock made by defendant's agent; but it seems that there was no adjustment further between the parties. When the evidence was given showing that about two months had expired between the receipt of the lumber at Troy, Missouri, by defendant, and its notification to plaintiff of its rejection, the court ruled that the time in which notification of rescission by defendant to plaintiff should have been given was a question of law, and that such time was unreasonable; that, under the facts disclosed, there was constructive acceptance of the lumber by defendant. But in view of the subsequent correspondence between the parties, the court ruled that the question of a waiver of such constructive acceptance of defendant by the plaintiff was a question for the consideration of the jury; and the evidence relative to such waiver was all submitted, under proper instructions, to the jury. The jury returned a verdict for plaintiff.

In view of the pleadings in the cause and the evidence offered, it is apparent that it was tried upon the theory of the rescission by defendant of the contract to purchase the lumber. It is conceded upon the argument that the rule is, where a purchaser keeps goods for an unreasonable time or treats them as his own, he will ordinarily be considered as having ratified the sale. His conduct establishes a presumption that the goods are satisfactory, and, by reason of his negligence in seasonably notifying his vendor of his refusal to accept, he cannot deny such acceptance; and such constructive acceptance must be determined from a consideration of all the circumstances in

the case and all the facts tending to excuse or explain the delay of the vendor in giving notice of his rescission.

The only material controversy that arises here is as to whether, upon the facts in the case at bar, the question of reasonable time should have been submitted to the jury. The question whether the consideration of reasonable time is for the determination of the court or jury, like that of facts constituting negligence, is quite clearly settled as to the principle, but is not unattended with difficulties in the application to the varying facts that appear in different cases.   This court has announced the rule in *Ault v. Interstate Saving & Loan Ass'n,* 15 Wash. 627 (47 Pac. 13):

"As to what is such reasonable time, when the facts are agreed upon, is under all the authorities a question of law, and, when the facts are not agreed upon, it is a mixed question of law and fact."

And, again, in *Remington v. Fidelity & Deposit Co. ante,* p. 429 (67 Pac. 989), it was said:

"And whether a time is reasonable or not depends upon the circumstances of the particular case.   Where the facts are undisputed and the minds of reasonable men may not differ upon them, the question becomes one at law for the court; but where reasonable minds may differ upon a given state of facts, the question then is for the jury, and not for the court."

Accepting the latter as a just statement of the rule in its application to the case at bar, it may be said that about sixty-four days elapsed before any notice of rejection of the lumber was given to plaintiff.   A reasonable consideration of the distance between plaintiff and defendant, the complete opportunities for examination, and the comparatively small stock of lumber received, certainly impresses reasonable persons that the delay was unreasonable.   But little, if any, satisfactory explanation of such

delay appears. It was hardly reasonable to await a dis-
cussion between defendant's agent in Tacoma and defend-
ant at its principal office and the purchaser at Troy, Mis-
souri, who was a considerable distance from Kansas City;
and then, again, to wait for some time after the final ex-
amination of the lumber had been made, before notice
of rescission of the sale. Plaintiff had shipped the lum-
ber a great distance. Care in the disposition of it in the
event of its rejection required plaintiff's immediate at-
tention, to avoid loss. We think the superior court did
not err in its conclusion that the question of reasonable
time, under the circumstances here, was one of law, and we
can perceive no error of law in the determination that the
rescission of the sale could not be made by defendant at
the time the notification was given to the plaintiff. As
the question arising upon the subsequent waiver was sub-
mitted to the jury upon somewhat conflicting evidence, its
verdict cannot be disturbed.

It is not deemed material to review the other errors as-
signed relating to the rejection of evidence, as all the evi-
dence proposed upon the issue of rescission and waiver of
the constructive acceptance of the lumber was received;
and, as has been observed, the only issue presented was
that of rescission of the sale, and the items set forth in the
counterclaim relating to damages arising from the loss
of profits of the plaintiff, and expenses incurred in and
about the lumber, which the jury determined.

The judgment is affirmed.

ANDERS, FULLERTON, HADLEY, DUNBAR, MOUNT and
WHITE, JJ., concur.