## GRABFELDER v. VOSBURGH.

(Supreme Court, Appellate Division, Fourth Department. January 5, 1904.)

1. SALES—CREDIT—COMMENCEMENT OF TERM.
   Where an order for a cask of whisky, to be subsequently delivered, allowed four months' credit, the term of credit did not begin to run until the delivery of the whisky.

2. SAME—RETENTION FOR INSPECTION—REJECTION—DELAY—REASONABLENESS.
   Defendant gave plaintiff an order for a cask of whisky, to be sold on four months' credit. The whisky was received in September. It was of a new brand, and above the ordinary price, and was sold to defendant in order to secure a permanent trade in defendant's locality, and if it did not prove satisfactory there was to be no sale. Plaintiff's agent only went to defendant's village about once in two months. The first time after the sale he did not see defendant, and on the second time, which was in December, defendant informed him that the goods were not as represented. *Held*, that whether defendant's delay in informing plaintiff that the liquor was not acceptable was a reasonable one was a question of fact for the jury.

3. SAME—EXPIRATION OF TERM OF CREDIT—EFFECT.
   Where a specific term of credit is extended upon a sale of goods, accompanied by a representation that they are of superior quality or of a certain grade, the opportunity of examination should be taken advantage of before the bill becomes due.

4. SAME—CONTRACT—VARIANCE BY PAROL.
   Where defendant gave an unqualified written order for a cask of whisky, evidence of a verbal agreement whereby he was to sell whatever of the liquor he could to his customers, and was only to be liable for the amount sold, did not establish an independent or collateral agreement, but tended to vary the terms of the written contract.

Appeal from Trial Term, Wyoming County.

Action by Samuel Grabfelder against Albert G. Vosburgh. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

M. L. Coleman, for appellant.

John L. Woodworth, for respondent.

SPRING, J. This case was submitted to the jury, but upon their failure to agree the trial court directed a verdict in favor of the plaintiff.

On the 19th day of July, 1899, the defendant gave to the agent of the plaintiff, a wholesale liquor dealer, an order for a cask of rye, the order signed by the defendant reading as follows:

"Warsaw, July 19th, 1899.

"S. Grabfelder & Co., Louisville, Ky.: I have this day ordered through your salesman, Mr. Alex. N. Freiberg, the following goods:

"Ship via.

"1 cask Old Consolation pure rye, $3.00.

"Terms 4 months.

"[Signed]                    A. G. Vosburgh, Warsaw, N. Y."

It will be observed that by the terms of this order a credit is given the defendant for four months. According to his testimony the rye (25 gallons) was not received by him until in the month of September.

If the term of credit is to date from the delivery of the goods the action is prematurely brought, as it was commenced on December 30th, 1889, and the four months had not then expired. When the court intimated his intention to direct a verdict for the plaintiff, the point was raised specifically by the defendant that the action was prematurely brought.· This was not a shipping bill sent to the defendant, but it was an order signed by him for goods to be subsequently delivered, and it would seem reasonable that the time of credit was to begin at the time of the delivery of the goods, especially as the plaintiff has not furnished the date of the invoice. If so, the plaintiff's cause of action had not matured when he began suit to enforce collection.

The defendant did not purchase any particular cask of rye, but a cask out of a certain kind, and the purchase did not become effective until there was a delivery to him at Warsaw, where he was allowed to test the quality of the liquor. The order contemplated a future delivery, and if the defendant's version is correct six weeks elapsed before he received the rye. The term of credit implied an opportunity to the defendant to sell some part of the goods to enable him to obtain money to meet his obligation, and it would hardly be fair to hold that the term of credit was running along before the goods arrived. This question was sufficiently raised by the pleadings. Mack v. Burt, 5 Hun, 28.

The evidence shows that the defendant did not wish to purchase these goods, but the plaintiff's agent desired to introduce this brand of liquor into the village of Warsaw, representing that the liquor was of superior quality, and also stating, in substance, that if it did not prove to be satisfactory there would be no sale. The defendant testified that the goods were of poor quality, and after repeated attempts he was unable to dispose of them to his customers.

The plaintiff's selling agent was in the habit of going to Warsaw about once in two months. On his first visit after this sale he did not see the defendant. The second time he was there, which was in December, the defendant told him the goods were not as represented, and he had only been able to sell about three gallons. The trial court concluded the retention of the goods by the defendant amounted to an unqualified acceptance, and on that account the defendant was liable. We think, under the circumstances of this case, the court below adopted too rigid a rule. It was for the jury to say whether more than a reasonable time intervened the receipt of the goods and the notification given the plaintiff's selling agent that the goods did not meet the representations upon which they were claimed to have been purchased; that is, whether they had been actually accepted by the defendant or not.

It is to be observed as pertinent to this aspect of the case that the liquor was a new brand and above the ordinary price; that the motive influencing the taking of the order by the plaintiff's agent was to introduce it among the defendant's customers for the purpose of securing a permanent trade for it in the village of Warsaw. The defendant and his bartenders testified to the unavailing efforts they made to sell the liquor to their customers. Again, the agent came to the defend-

ant's place of business infrequently; and in the light of these circumstances we cannot say, as matter of law, that the defendant retained the liquor unreasonably before apprising the plaintiff that it was not as represented. Ordinarily what constitutes a reasonable retention of goods for examination and inspection is a question of fact. Pierson et al. v. Crooks et al., 115 N. Y. 539–551, 22 N. E. 349, 12 Am. St. Rep. 831; Lang v. Severance (Sup.) 8 N. Y. Supp. 238; Benjamin on Sales (7th Ed.) p. 701.

If the term of credit had expired before the defendant notified the plaintiff of his declination to accept the goods, probably that would have been, as matter of law, an unreasonable delay in arriving at the decision. Where a specific term of credit is extended upon a sale of goods, accompanied by the representation that they are of a superior quality or of a certain grade, the opportunity of examination should be taken advantage of before the bill becomes due. The credit implies that the conditional sale is to become absolute, at least by the time of the maturity of the account.

The defendant contends that there was a verbal agreement whereby he was to sell whatever of this liquor he could to his customers, and was only to be liable for the amount so sold. The order, as will be observed, is unqualified, and we are inclined to the view that the proof which the defendant sought to offer upon this branch of the case tended to vary the terms of the contract. The evidence did not establish an independent or collateral agreement. The judgment and order should be reversed, and a new trial ordered.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.