## COUCH v. O'BRIEN.

No. 3277.   Opinion Filed November 11, 1913.

Rehearing Denied December 9, 1913.

(136 Pac. 1088.)

1.   **SALES — Rescission of Contract — Fraudulent Representations.**
     False and fraudulent representations as to the quality, character, and grade of personal property, made by the agent of a vendor for the purpose of inducing a sale, justify a rescission of the contract of sale by the vendee, providing steps to rescind are taken within a reasonable time after the discovery of the falsity of such representations.

2.   **SAME.** The purchaser of a piano, unacquainted with musical instruments and relying wholly upon the representations of the agent selling the same, and the character, grade, and quality of the piano being falsely and fraudulently represented to him, may rescind the contract, within a reasonable time after the discovery of the fraud that has been perpetrated upon him, by returning the piano to such agent.

3.   **SAME—Reasonable Time—Question for Court.** What is a reasonable time for taking steps to rescind is a question of law for the court to determine under the evidence in each particular case.

(Syllabus by Galbraith, C.)

*Error from County Court, Marshall County;*
*J. W. Faulkner, Judge.*

Action by J. T. Couch against J. F. O'Brien to recover on two promissory notes.   Judgment for defendant, and plaintiff brings error.   Affirmed.

*E. D. Slough,* for plaintiff in error.

*Wm. M. Franklin,* for defendant in error.

Opinion by GALBRAITH, C. This action was originally filed in the justice court, and on appeal to the county court was tried to the court and a jury, and judgment rendered for the defendant, and the plaintiff prosecuted an appeal to this court by petition in error and case-made.

The action was based on two promissory notes for $87.50 each, alleged to have been given as the balance of the purchase money on a piano sold by the plaintiff in error to the defendant in error. The defendant in error acknowledged the purchase of the piano and the execution of the notes, but contends that there was a failure of consideration, and that the contract of sale had been rescinded by him; that he was led to rescind by reason of the fraud and misrepresentations of the plaintiff's agent, made to him at the time of the sale; that he was not a musician and not familiar with musical instruments, and did not rely upon his own judgment in the purchase of the piano, but relied entirely upon the representations of the plaintiff's agent as to the quality and value of the piano; that it was represented to him that this was a first-class instrument and was of the value of $500, and that on account of a special sale which the plaintiff was making it would be sold to him for $300, and he believed such representations to be true, while, as a matter of fact, the same were false and were fraudulently made, and the piano was not new, although it had been newly varnished, but was a second-hand piano and had been through a fire and exposed to water and heat and was of an inferior quality, and was practically of little or no value whatever. When he discovered these facts, he rescinded the contract of sale by returning the piano to plaintiff's agent. The case was tried upon the issues thus made, and the jury found for the defendant, and gave him judgment for $30, the cash payment he had made at the time of the purchase, and for costs.

The plaintiff in error assigns as error the overruling of his motion for new trial, and in this it is complained that the verdict is contrary to law and is not sustained by the evidence, and' that the court erred in admitting certain evidence over the objection of the plaintiff in error, and also erred in the giving of an in-

struction to the jury. The instructions are not numbered as they should have been, but the one complained of is set out in full in the record and was, attached to the motion for new trial. In this instruction the court told the jury, in substance, that if they found from a fair preponderance of the testimony that the agent, Vaughn, · fraudulently misrepresented the character and quality of the piano to the defendant, and told him that it was a standard instrument of the value of $500, and ordinarily sold for that sum, and that the defendant was unfamiliar with pianos, but knew the agent, Vaughn, and had confidence in him and relied upon his statements as to the character and quality of the piano, and these representations were false, the defendant had a right to rescind the sale and return the instrument; that, while ordinarily the law placed the duty upon the defendant to inspect the article he was buying, and to rely upon his own judgment, if the defects were such that a man of ordinary prudence could not see and detect them readily, and he relied upon the representations of the plaintiff's agent as to the quality of the instrument, and these representations were false and fraudulent, and the piano was practically worthless, he had a right to rescind. This. instruction is not technically correct. The chief vice in it was a failure to state that it was the duty of the defendant, under the law, to take steps to rescind the contract promptly upon the discovery of the fraud that had been perpetrated upon him in the sale; however, this defect in the instruction was cured by an instruction requested by the plaintiff and given by the court, as follows:

"Where a party wishes to rescind a contract, they must do so immediately upon the discovery of the defects complained of."

The law is well settled in this jurisdiction that false and fraudulent representations made to induce a sale are grounds for rescinding a contract of sale by the vendee. *National Bank of Anadarko v. Oldham,* 26 Okla. 139, 109 Pac. 75; *Robinson v. Roberts,* 20 Okla. 787, 95 Pac. 246.

It is also held that a vendee wishing to rescind a contract of sale should return the article purchased to the vendor within a reasonable time; and it is also held that what is a reasonable

time for rescinding a contract of sale, under the facts of each case, is a question of law for the court to determine. *Luger Furn. Co. v. Street,* 6 Okla. 312, 50 Pac. 125.

The testimony shows that the defendant discovered some defects in the piano within a few days after it had been delivered at his house, but that the material defects did not appear for some three, or four, or five weeks afterwards. He said:

"I discovered it was cracking, and it showed to have been worked over and I notified Mr. Vaughn about it, and told him that it wasn't what it was represented to be. I said it wasn't what it was represented to be and I did not want it, and that it wasn't any account and I did not want it. Q. It began to crack and checker? A. Yes, looked like where you would put paint on the hot side of a house, that is when I turned it back to him."

We have examined the instructions given to the jury by the court, and, as a whole, they seem to fairly state the law involved in the case. The one complained of, taken in connection with the other instruction given by the request of the plaintiff, cannot be said to be so clearly prejudicial as to justify the court in reversing the judgment appealed from.

The question of whether or not the representations made by the plaintiff's agent at the time of the sale of the piano were false and fraudulent was a question of fact that was properly submitted to the jury for determination. If they were made, as contended by the defendant in error, they were sufficient to authorize a rescission of the sale, providing, of course, the defendant in error acted with reasonable promptness in rescinding the contract after the discovery of the fraud that had been perpetrated upon him. The jury, by their verdict, determined this question in favor of the defendant in error. The court in denying the motion for a new trial passed upon the question of law as to whether or not the defendant in error had exercised the right to rescind within a reasonable time, as it was his duty to do under the law. There can be no serious question, from an examination of the testimony in the record, about there being sufficient evidence to sustain the findings of the jury. The rule is well settled in this jurisdiction that where questions of fact are

submitted to the jury, under proper instructions, and there is evidence to support the finding, the verdict will not be set aside.

Complaint is made that the court erred in permitting the agent of the plaintiff to testify as to the price at which the piano had been consigned to the plaintiff by the general dealer, he testifying that the consignor had told him that it was invoiced to the agent at $90. It seems that this was material testimony as affecting the issues of fraud involved in the case, and its admission was not error.

None of the assignments of error seem to be well taken. We see no good reason for disturbing the judgment appealed from, and therefore conclude that it should be affirmed.

By the Court: It is so ordered.