## BARBER MEDICINE CO. v. BRADLEY.

No. 4691.    Opinion Filed June 8, 1915.

(150 Pac. 127.)

1.    **PLEADINGS—Sales—Action for Price—Failure of Warranty—Answer—Cure by Amendment.** (a)  In an action to recover the purchase price of merchandise sold and delivered, the answer to the petition, where the defense is a failure of warranty, if the defendant at the trial expects to avail himself of an offer to rescind and restore the merchandise, should contain an allegation to that effect.
      (b)   But an answer defective in that particular, if amended during the trial by inserting those allegations, is cured.

2.    **SALES—Action for Price—Defense—Condition Precedent.**  In the case at bar, the defendant received 1,000 pounds of hog powder and fed all, except 150 pounds, to the hogs, which last-named amount he offered to restore.  **Held,** that it is unnecessary to offer to pay for the amount fed up, if it was worthless.

3.    **SAME—Return of Goods—Necessity—Waiver.**  Defendant was not required to make a physical tender of the balance of the hog powder, to-wit, 150 pounds, because he had offered it back to plaintiff, and at that time plaintiff did not demand such an actual delivery, but expressly stated that it would not be accepted back.

4.    **SALES—Rescission of Contract—Unreasonable Delay—Determination of Question.**  Generally the question of what is a reasonable time to offer to rescind and restore or offer to restore merchandise upon failure of warranty is a question of fact, which should be submitted to the jury; but, where it is apparent that the delay is so long as to be unreasonable, then the court should so decide, as a matter of law.

(Syllabus by Mathews, C.)

*Error from County Court, Tillman County;*

*T. E. Campbell, Judge.*

Action by the Barber Medicine Company, a corporation, against Bert R. Bradley.  Judgment for defendant, and plaintiff brings error.  Affirmed.

*Ahern & Searcy,* for plaintiff in error.

*Mounts & Davis,* for defendant in error.

Opinion by MATHEWS, C. This is an action upon open account by the Barber Medicine Company against Bert R. Bradley, to recover the sum of $90 for certain hog remedy medicine sold and delivered. The action was first tried in the justice of the peace court, then appealed to the county court, where the judgment was for defendant, and the case brought here on appeal.

Defendant, in his answer to plaintiff's bill of particulars, admits the account, but avers that the said medicine failed to fill the warranty, and that he gave the same a complete trial.

To this answer plaintiff filed a general demurrer, which was overruled by the trial court. Plaintiff also moved for judgment on the pleadings, which was overruled. During the trial of the case, and at the close of defendant's testimony, defendant, upon his application to the court, was permitted to amend his answer by alleging that in February, 1912, he tendered back to the agent of plaintiff the remainder of the hog medicine which he had not used up, and that the agent refused to receive the same.

The facts in the case are that on the 25th day of April, 1911, the Barber Medicine Company sold to Bert R. Bradley 1,000 pounds of hog powder for $90, upon open account, due November 1, 1911; that defendant received the same about the 1st day of May, 1911, and began to feed it to his hogs a few days thereafter. Defendant contends that the hog powder did not fill the warranty made for it by the plaintiff, and that a large number of his hogs died while he was feeding the powder to them. The

powder was put up in 50-pound sacks. Defendant turned over 500 pounds of the powder to one Taylor. Whether or not Taylor paid him for the same the record does not disclose. He testified at the trial that he had fed all the powder to the hogs, except 150 pounds, and that in February, 1912, he tendered this back to the agent of plaintiff, but he refused to accept it.

The evidence of plaintiff showed that after the account became due on November 1, 1911, each month thereafter it sent a bill to defendant of the account and drew one draft on him through a local bank, but received no reply from him. About the middle of February, 1912, one Clark, the agent of plaintiff, went to Frederick to see the defendant about the payment of the account, but defendant refused to pay the same, claiming he got no results from the powder fed to his hogs. Much testimony was introduced relative to many hogs dying in that community in the year 1911.

Plaintiff has made 12 assignments of errors, but presents but one question to this court, and it appears to us that the question presented is the only vital one in the case, and that is the only one that will be considered by us, and the others will be deemed waived.

Defendant's original answer admitted the account sued on and sought exoneration from payment on the ground of the failure of the goods to comply with the warranty. As his answer was an attempt to rescind the contract, it follows he should have alleged a present or prior offer to restore the goods received from plaintiff, and in this particular the answer was defective, and the court should have sustained the demurrer filed by plaintiff against the answer; but defendant, during the trial,

availed himself of the opportunity to amend, and inserted an allegation to that effect. Having so amended, the error was cured, and the amended petition pleaded a sufficient defense.

Plaintiff next complains that the defendant did not offer to return all the merchandise received, as he had received 1,000 pounds, and only offered to return 150 pounds, and did not offer to pay for the portion not returned. It appears that the hog powder received, with the exception of the 150 pounds, had been fed, and if it was worthless, which was an issue in the case, and by the jury found to be so, then defendant, under the law, would not be held bound to pay for something that failed to come up to the warranty and was found to be worthless.

Neither is plaintiff in a position to complain that the 150 pounds of powder which had not been fed was not delivered to plaintiff in Kansas City at their place of business, or in Frederick, at the nearest railroad station to defendant, because, when defendant offered it back, plaintiff then signified its intention of not accepting it, and is now estopped from insisting that defendant did not make a physical tender, because, when the offer was made, plaintiff not only did not demand such delivery, but expressly stated that it would not be accepted back. The law does not require one to do a useless act.

Plaintiff next complains of the court's refusal to give its requested instruction to the jury as follows:

"You are further instructed that if you find from the evidence that defendant discovered the alleged defects in said goods in the month of November, 1911, and did not give notice of his intentions to rescind, or restore, or offer to restore, to the plaintiff, everything of value he received under the contract until the month of February,

1912, in this event you are instructed that such time is unreasonable and inexcusable, and your verdict should be for the plaintiff."

In lieu of this requested instruction the court gave the following:

"You are instructed that even though you find from the evidence that there was a warranty of said goods at the time of the sale, and there was a failure of said warranty, the plaintiff would be entitled to recover, unless you further find from the evidence that the defendant within a reasonable time after the discovery of such failure of warranty, gave the plaintiff notice of such failure of warranty, together with his intentions to rescind the contract and return, or offered to return, to the plaintiff the hog powder on hand at the time of discovering said defects."

We find here the proposition squarely raised whether the court should decide, as a matter of law, what is a reasonable time within which the defendant must give notice of his intention to rescind the contract and return, or offer to return, the merchandise on hand received under said contract, or whether it is a question of fact to be submitted to the jury for their determination. Our own Supreme Court decisions are not entirely in accord on this proposition.

In *Luger Furniture Co. v. Street*, 6 Okla. 312, 50 Pac. 125, which appears to be the first case upon the point, we find the following:

"What, under the circumstances, constitutes a reasonable time for rescinding the contract, is a question of law for the court."

In *Couch v. O'Brien*, 41 Okla. 76, 136 Pac. 1088, the court says:

"What is a reasonable time for taking steps to rescind is a question of law for the court to determine, under the evidence in each particular case."

In *Robinson & Co. v. Roberts,* 20 Okla. 787, 95 Pac. 246, the court says:

"Where defendant claims to be relieved on the ground of fraud, he must act with the utmost diligence and promptitude in discovering the fraud, and in claiming to be relieved by reason of it, and whether he has so acted, is a question of fact for the jury."

In *Spaulding Mfg. Co. v. Holiday,* 32 Okla. 823, 124 Pac. 35:

"A tender or offer to return property must be made within a reasonable time. Ordinarily the question of what is a reasonable time is for the jury; but the delay may be so long as to be unreasonable, as a matter of law. *Paige v. McMillan,* 41 Wis. 337; *Gammon v. Abrams,* 53 Wis. 323, 10 N. W. 479; *Kleeb v. Long-Bell Lbr. Co.,* 27 Wash. 648, 68 Pac. 202; *Viertel v. Smith,* 55 Mo. App. 617; *Metropolitan Rubber Co. v. Monarch Rubber Co.,* 74 Mo. App. 266; *Manley v. Crescent Novelty Mfg. Co.,* 103 Mo. App. 135, 77 S. W. 489; *Tilley v. Montelius Piano Co.,* 15 Colo. App. 204, 61 Pac. 483."

We think that this latter case by Judge Rosser clears up this apparent conflict in a few words and is supported by all of the best authorities on the subject. Generally the question of what is a reasonable time to offer to rescind and to restore, or offer to restore, the property, is a question of fact, which must be submitted to the jury; but, where it is apparent that the delay is so long as to be an unreasonable delay, then the court should so decide, as a matter of law. And *vice versa,* if it is plainly apparent that the party has acted with promptness and dispatch, after discovering the fraud, in his offer to rescind and restore the property, the court should so

decide, as a matter of law; but in all doubtful cases, where reasonable minds might reach contrary conclusions, the court should submit the matter to the jury, and each individual case should be decided upon its own merits, it being impossible to lay down a rule to govern in all cases. And, in arriving at a decision, the court should take into consideration all the facts and surrounding circumstances presented in each case, the nature of the objection, whether or not it is patent and could be discovered by an inspection of the property, or latent, and could not be discovered, except by a trial or a series of trials. The location of the parties to each other should also be considered, together with their means of communication, and other like facts that enter into each particular case. *Auto-Fedan Hay Press Co. v. Ward,* 89 Kan. 218, 131 Pac. 595, 50 L. R. A. (N. S.) 783.

In *Luger Furniture Co. v. Street, supra,* the facts presented are: The defendant purchased a lot of beds, which were to be four feet and two inches wide. After receiving the same, they were placed in a warehouse, and it was not discovered until five months afterwards, upon removing the beds from the warehouse, that they were only four feet wide, when the seller was immediately notified of the deficiency. The court there held that the buyer must act with diligence, and that there was a lack of diligence in placing the beds in a warehouse and keeping them there for five months without inspection.

In that case the defect was patent, and it could have been detected upon a surface examination. So in all the other cases presented by plaintiff in error.

In *Couch v. O'Brien, supra,* a piano was the subject of controversy; in *Spaulding Mfg. Co. v. Holiday,* a

buggy; in *Auto-Fedan Hay Press Co. v. Ward, supra,* a hay press; in *Kleeb v. Long-Bell Lbr. Co.,* 27 Wash. 648, 68 Pac. 202, it was lumber under consideration. And in each of these cases the defects were patent and presented themselves to the purchaser upon inspection, or the defect could have been discovered by a few trials, as in the hay press, or soon developed, as in the case of the buggy.

We have been unable to find any decided case that presents a wider latitude than the case under consideration. In the first place, the plaintiff's location was in Kansas City, and the defendant is a farmer near Frederick, in Tillman county, and the distance apart made communication inconvenient, and the defect, if any, in the hog powder remedy was certainly most difficult to detect, being a latent defect that could be ascertained only by an extended trial, and, even after feeding it to the hogs for a long time, the defendant was still in such doubt on the question that he had recently sent some of the powder to an expert in the State Agricultural College at Stillwater, Okla., for his analysis, in order to learn whether it contained the ingredients as claimed for it by the plaintiff.

It is plainly evident that the defendant labored under extreme conditions in his efforts to decide the question whether or not the hog remedy came up to the warranty. It is a well-recognized fact that a hog is a very unresponsive animal, and, being so, it is difficult for the average layman to properly diagnose the effect upon the hog of any medicine given him, and for that reason, in order to arrive at even an unsatisfactory conclusion, much time must necessarily be consumed in conducting the experiment, and there are sufficient facts in this case to warrant the jury in arriving at a conclusion that there was no unreasonable delay upon the part of the defendant in his

offer to rescind the contract and restore the powder then on hand to the plaintiff.

Considering the facts in this case, we are of the opinion that the court was correct in submitting the question of reasonable time to the jury for their determination, and that the instruction given thereon was proper.

We find no error in the entire case, and the judgment is affirmed, with costs.

By the Court: It is so ordered.