WILLIAM HALLORAN, Appellee, v. QUAKER OATS COMPANY, Appellant.

APPEAL AND ERROR: Assignments of Error—Sufficiency. Assignments of error which only refer to paragraphs of the charge will not be considered where the charge, as set out in the abstract, is not separated into paragraphs, nor its parts or divisions numbered.

SALES: Sales by Sample—Acceptance of Part of Goods. The acceptance by the buyer, under a contract of sale of a certain amount of corn, of part of the corn, which was delivered, after knowing it was of inferior quality, precluded him from objecting, when the remainder was tendered, that it was of such inferior quality; and it was immaterial that, before accepting the part delivered, the buyer objected to its quality, or that the seller had sought to adjust the dispute by making a new contract, which, however, was not made.

*Appeal from Lyon District Court.*—W. D. BOIES, Judge.

MARCH 20, 1919.

ACTION at law upon an oral contract for the sale of corn. Verdict and judgment for the plaintiff, and defendant appeals.—*Affirmed*.

*S. D. Riniker*, for appellant.

*E. C. Roach*, for appellee.

WEAVER, J.—Plaintiff alleges that, being the owner of about 1,500 bushels of corn in the ear, he entered into an oral contract with the defendant, by which he undertook to sell said corn and deliver it to the defendant at its elevator at the agreed price of $1.85 per bushel, the kind and quality of the corn being shown by sample, which the plaintiff then and there exhibited. He further alleges that, in pursuance of said contract, he did shell the corn and began the delivery of it as agreed; that he delivered and defendant received and accepted 439 bushels and 36 pounds of said corn; that he also hauled and tendered to defendant at its said elevator the remainder so sold, to the amount of about 1,000 bushels, but such tender was refused, and defendant refused to accept, receive, or pay for the corn, except at a reduced price, which plaintiff declined to accept; and he was obliged to haul the corn back home, and thereafter sold it at the best obtainable market price, which was $1.75 per bushel. Upon the claim thus stated, plaintiff asks judgment against defendant for the agreed price of the corn delivered, and damages for the refusal to carry out the contract for the purchase of the remainder, or a total amount of $928.35.

The defendant admits having negotiated with plaintiff for the purchase of 1,500 bushels of corn, but alleges that plaintiff exhibited to it a quantity of corn which would grade "No. 2 White," and represented it to be a fair sample of the corn he desired to sell; and, relying upon said representation, defendant offered him $1.85 per bushel for

all he had of that grade; but that, in truth and in fact, the corn actually delivered, as well as the corn actually tendered, was inferior in quality to the sample shown by plaintiff, and graded only "No. 3 Mixed;" and for that reason only, defendant refused to accept it except at its market value, which was only $1.75 per bushel. Defendant admits having received 439 bushels and 36 pounds of the corn, and, although it was of inferior grade, yet, since it was received, it offers and tenders payment therefor at the contract price of $1.85 per bushel, but denies all liability on its part on account of the corn it refused to accept.

The cause was tried to a jury, which found for the plaintiff, and assessed his recovery at $930.05. Defendant appeals.

As will be seen from the foregoing statement, the contract of defendant to purchase the corn is admitted, and the single defense set up by the answer is that the corn tendered in fulfillment of such contract was inferior to the sample exhibited by the plaintiff. That this was purely a question of fact, and that, in the absence of prejudicial error in some of the rulings of the court, the verdict is conclusive, is not denied. To avoid this result, however, and as grounds for a new trial, it is

1. APPEAL AND ERROR: assignment of error: sufficiency.

urged by counsel for appellant that prejudicial error is to be found in the court's charge to the jury. In support of that proposition, our attention is called to "Paragraph 3," "Paragraph 4," and "Paragraph 6" of the instructions; but unfortunately, on referring to the abstract, we find that the charge is not separated into paragraphs, nor are its parts or divisions numbered; and, while we are not disposed to be over-technical in the interpretation or application of our rules, it can hardly be thought unreasonable to ask an appellant who insists that error has been committed to point

out with some reasonable degree of definiteness that portion of the record where the error appears.

The objection made in this case, so far as it refers to "Paragraph 3" of the instructions, is made somewhat more intelligible by the quotation of certain language attributed to the court, to the effect that the defend-

2. SALES: sales by sample: acceptance of part of goods.

ant, having received the first delivery of the corn without objection, knowing its alleged inferior quality, could not be heard to raise that objection to the remainder of the quantity tendered. In other words, the jury was told, in effect, that the contract was entire, and that, if defendant desired to reject the corn because it was not of the quality of the sample, it was bound to do so when the first delivery of the corn was made, and the real quality of the corn discovered. Assuming that this is the holding to which appellant takes exception, we think it is not erroneous. The defendant's agent, who made the contract, admits that he was present when the delivery was made, and examined the first load, and claims that he then discovered that the corn was inferior to the sample; and, while he did raise some objection to it, in talking with the drivers of the loads, and threatened a refusal of any further delivery, he did receive the 439 bushels and 36 pounds mentioned in the pleadings; and for this, the obligation to pay according to the contract is confessed. In view of this record, there was no error in the instruction. It is a well-settled rule that, upon sales by sample, where the contract is entire, the buyer cannot accept the benefit of the contract in part and rescind it in part. And this is especially true where the alleged inferiority to sample is visible to or discoverable by the purchaser when the first delivery is made. 2 Sutherland on Damages (4th Ed.) Section 650; 35 Cyc. 222, 229; *Hirshhorn & Co. v. Stewart,* 49 Iowa 418; *Gilbert v. Lichtenberg,* 98 Mich. 417 (57 N. W. 259). A mere verbal dec-

laration of dissatisfaction with the quality of the thing de-livered is of no avail, if the delivery is, in fact, accepted. If there be an exception to this rule where the quality of the article is not visible upon a casual inspection, or where the purchaser has not had reasonable opportunity to ascertain the quality, it cannot affect the result in this case; for it appears without dispute that the defendant did examine the corn and did ascertain its quality and grade before it re-ceived the first delivery. It was then its duty to exercise its option to accept and pay for the corn according to con-tract, or to refuse the offered delivery. The fact that the delivery was not made by the plaintiff in person, but by his sons or employees, is immaterial. Nor is it material, as counsel seem to think, that, when defendant refused to re-ceive or accept the remainder of the corn, plaintiff sought to adjust or settle the dispute by proposing or suggesting a new contract, which was not, in fact, made or agreed to.

A different result would be possible if there was any showing that the corn tendered for the second delivery was in any way inferior to that which had already been ac-cepted by the defendant. There is not only no such testi-mony, but, on the contrary, the defendant's agent who made the purchase expressly says, "The corn which plain-tiff offered which I refused to take appeared to be the same as the eight loads I took."

No reversible error is shown, and the judgment ap-pealed from must be affirmed, with costs. Appellee's mo-tion for assessment of penalty or damages for delay, in ad-dition to taxable costs, is denied.—*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.