[No. 15859. Department One. July 12, 1920.]

CARMAN DISTRIBUTING COMPANY, *Respondent,* v.
THE CASCADE LAUNDRY COMPANY,
*Appellant.*[1]

SALES (79)—ACCEPTANCE—DELAY IN REJECTING GOODS. Where
the sale of canvas by sample was made on thirty days credit, it was
the buyer's duty to inspect the same within such period, and ask-
ing an extension of time and delay in inspection from November 8
until January 23 implies an acceptance.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered October 27, 1919,
upon findings in favor of the plaintiff, in an action on
contract, tried to the court. Affirmed.

*Hamblen & Gilbert,* for appellant.

*E. H. Belden,* for respondent.

MACKINTOSH, J.—The respondent is suing for the
value of a roll of canvas sold on October 22, 1918. In
defense to the action, the appellant says that the can-
vas was sold by sample, which was sent from the
respondent's place of business in Omaha to the appel-
lant in Spokane, and that the appellant made the sale
by telegraphed acceptance, based upon the sample, and
that the canvas shipped was not in accordance with
the sample. In reply, respondent denied that the can-
vas was not according to sample, and alleged that the
appellant had accepted the canvas by waiting an un-
reasonable time after its receipt before making objec-
tion. The trial court found that the canvas was not
according to sample, but permitted a recovery upon
the finding that appellant did not refuse the canvas
within a reasonable time after its receipt, and its con-
duct thereby amounted to an acceptance.

[1]Reported in 191 Pac. 392.

The evidence shows that, on October 17, 1918, the respondent wrote to the appellant and enclosed a sample of the canvas, which it then offered for sale. On October 22, the appellant wired an acceptance of the offer and ordered the canvas shipped. On October 23, the respondent shipped the canvas, which arrived in Spokane on November 8. According to the offer of October 17, the canvas was sold "strictly thirty days net." Instead of making payment when due, the appellant asked for an extension of time. The respondent demanded payment of appellant from time to time, and on December 16, the appellant asked for an extension of time to January 20, 1919, which request was granted. On January 20, no payment was made, and on January 23, the appellant wrote to the respondent that the canvas was not according to sample; that it had just made an examination for the first time and discovered this situation. The price of canvas had declined between October 22 and January 23. There is considerable testimony in the case upon the question of whether, as a matter of fact, the canvas shipped was the same as the sample, but it is unnecessary for us to determine this phase of the case, and we will accept the trial court's finding for the appellant that the sample of canvas was of different quality from that purchased.

The respondent, however, is entitled to recovery on the ground that an unreasonable delay in rejecting the canvas after its receipt amounted to an acceptance. The sale was made on thirty days' credit, and the duty was upon the appellant, before the expiration of that credit period, to perform the simple act of uncovering the canvas roll and making an inspection to see whether the goods corresponded to the sample. Instead of that, the appellant kept the canvas in its pos-

session from November 8 until January 23 before making an examination, and in the meantime merely asked for an extension of time for payment. It must be held to have accepted the canvas by reason of its unreasonably delayed examination and decision.

The rule is well recognized, as stated in 35 Cyc., pages 227, 229, 239, 243 and 260, that:

"The inspection of the goods regarded as either a duty imposed on the buyer or as a right to be exercised by him should be made within a reasonable time."

". . . the option to reject must be exercised and notice thereof given within a reasonable time . . ."

"The buyer is estopped to complain of defects in the goods when he had knowledge or notice thereof at the time of sale, or retains the goods after a reasonable time in which to make inspection has elapsed . . ."

". . . So a failure to reject or return goods within a reasonable time will be construed as an acceptance waiving defects."

"An acceptance of the goods will be implied if the buyer fails within a reasonable time to reject them, or to return them to the seller."

24 R. C. L., page 357, states:

"And since a sale is voidable only at the option of the buyer, to entitle him to rescind he must act promptly on the discovery of the fraud, and if after discovering the fraud he acquiesces in the sale . . . by an . . . unreasonable delay, he will be deemed to have affirmed the sale and he cannot afterwards rescind . . ."

*Pence v. Langdon,* 99 U. S. 578 (25 L. Ed. 420), states the rule to be:

"Acquiescence and waiver are *always* questions of fact. There can be neither without knowledge. . . . But he may not wilfully shut his eyes to what he might readily and ought to have known. When fully advised, he must decide and act with reasonable dispatch. He

cannot rest until the rights of third persons are involved and the situation of the wrongdoer is materially changed. Under such circumstances he loses the right to rescind and must seek compensation in damages. . . ."

In the case at bar, the situation of the respondent had been materially changed by the fall in price. *Grabfelder v. Vosburgh,* 90 App. Div. 307, 85 N. Y. Supp. 633, discussing this question, contains the following:

"If the term of credit had expired before the defendant notified the plaintiff of his declination to accept the goods, probably that would have been, as matter of law, an unreasonable delay in arriving at the decision. Where a specific term of credit is extended upon a sale of goods, accompanied by the representation that they are of a superior quality or of a certain grade, the opportunity of examination should be taken advantage of before the bill becomes due. The credit implies that the conditional sale is to become absolute, at least by the time of the maturity of the account."

This court, in the case of *Kleeb v. Long-Bell Lumber Co.,* 27 Wash. 648, 68 Pac. 202, held that the first notification by the plaintiff of any objection to the quality of lumber sold, which occurred two months after the sale, was such an unreasonable delay as to amount to an acceptance, the court saying:

". . . the rule is, where a purchaser keeps goods for an unreasonable time or treats them as his own, he will ordinarily be considered as having ratified the sale. His conduct establishes a presumption that the goods are satisfactory, and by reason of his negligence in seasonably notifying his vendor of his refusal to accept, he cannot deny such acceptance; . . ."
and, referring to the delay in the case of sixty-four days before the notice of rejection was given, the court further says:

"A reasonable consideration of the distance between plaintiff and defendant, the complete opportunities for

examination, and the comparatively small stock of lumber received, certainly impresses reasonable persons that the delay was unreasonable. . . . Plaintiff had shipped the lumber a great distance.''

Under these authorities, which but express what seems to be the universal rule, the trial court was correct in determining that the appellant's conduct had amounted to an acceptance of the canvas.

The judgment is affirmed.

HOLCOMB, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.