PETER JOHNSON ET AL., Respondents, v. WHITMAN AG-
RICULTURAL COMPANY, Appellant.

### St. Louis Court of Appeals, December 22, 1885.

1. CONTRACTS OF SALE—RESCISSION—WARRANTY—BREACH—MEASURE
OF RECOVERY.—The vendee of a chattel may, upon a breach of the
warranty thereof, rescind the contract, return the property within
a reasonable time, and recover the purchase money paid.

2. ——— LACHES. The question as to what is a reasonable time is
generally a question of fact, but the time may be so short or so
long as that the court will declare it to be reasonable or unreason-
able, as matter of law.

3. ——— GUARANTY—TENDER.—One who purchases a manufactured
article from a dealer, taking at the same time a collateral contract
guaranty from the manufacturer, can not, by tendering the prop-
erty to the manufacturer, recover from him the money paid to the
dealer for the article.

APPEAL from the St. Louis Circuit Court, GEORGE
W. LUBKE, Judge.

*Reversed and remanded.*

DYER, LEE & ELLIS, for the appellant: Where the
property in specific chattels sold has passed uncondi-
tionally to the buyer, the law gives no right to rescind
the contract in the absence of an express stipulation to
that effect. *Walls v. Gates*, 4 Mo. App. 4; Story,
Sales, sect. 421; Sedg., Dam. (7 Ed.) 605; Benj., Sales
(1 Am. Ed.) sect. 888, and cases cited; 5 Wait, Act. and
Def. 610. The court, at the instance of the plaintiffs,
gave erroneous instructions to the jury in regard to the
law applicable to the case, and particularly in regard to
the measure of damages. *Walls v. Gates*, 4 Mo. App. 1;
Sedg. Dam. (7 Ed.) 606; *Courtney v. Boswell*, 65 Mo.
196; Benj., Sales (1 Am. Ed.) sect. 894.

L. F. OTTOFY, for the respondents: There was a

rescission of the contract of sale and the measure of damages is the purchase money or amount paid. *Branson v. Turner*, 77 Mo. 494; *Walls v. Gates*, 4 Mo. App. 4; Benj., Sales (2 Am. Ed.) sect. 895; 1 *Id.* (4 Am. Ed.) sects. 623, 635, and cases cited; 5 Wait, Act. and Def., 629, and cases cited. There was no unconditional sale, and even though there had been it was subject to rescission within a reasonable time. *Branson v. Turner*, 77 Mo. 494.

THOMPSON, J., delivered the opinion of the court.

The petition contains two counts. The first states in substance that the plaintiffs purchased of the defendant, on the twenty-first of December, 1883, a hay press on the faith of a written warranty given by the defendant; that the plaintiffs paid to the defendant one hundred and eighty dollars on account of the purchase price of it; that it did not comply with the warranty; that the plaintiffs for this reason tendered it back to the defendant on the eighth day of March, 1884, wherefore the plaintiffs ask judgment for the sum of one hundred and eighty dollars so paid, with interest and costs. The second count need not be considered, because, under the rulings of the court, the defendant took a non-suit as to that. The evidence tended to show that the defendant sold the machine outright to one French, who was a dealer in agricultural implements; that French sold the machine to the plaintiffs, and that in order to enable French to effect the sale, the defendant's agent executed in a letter to the plaintiffs the usual written warranty which the defendant was in the habit of giving to any one who should become the purchaser of one of these machines of its make. The court put the case to the jury on the theory that although the plaintiffs had bought the machine of French, to whom the defendant had sold it outright, yet, if the defendant, in order to induce them to purchase it, gave the written guaranty in question, and the machine did not comply with the guaranty, the plaintiffs were at liberty to tender the machine to the defendant

at any time before the institution of the suit, and re-
cover of the defendant what they had paid to French on
account of the purchase money. This was an erroneous
view of the law applicable to the case.

Notwithstanding the contrary intimation of Judge
Bakewell in *Walls v. Gates* (4 Mo. App. 1, 6), we under-
stand the decision of the supreme court in *Branson v.
Turner* (77 Mo. 489), to be an authority binding upon us
for the rule that where there is a breach of warranty, the
vendee may return the property and rescind the contract
within a reasonable time. If he can do this, he can
manifestly, upon such a tender, recover back the money
which he has paid on account of the contract, which
is tantamount to saying that the rule in Massachusetts,
Maine, Maryland, and, perhaps, other states is the rule
in this state. But according to the statement of this
rule by the supreme court in *Branson v. Turner*, he
must make the tender within a reasonable time. Here,
the court charged the jury that he could do it at any
time before the bringing of the suit, and the suit was not
brought until three months after the sale, which was
equivalent to holding that three months was a reasonable
time as matter of law. Indeed, the petition in this case
states and the facts show that the machine was not
tendered back until the lapse of about two months and a
half after the purchase, and no excuse is alleged or
proved for not making it sooner. It is obvious that the
time during which the vendee may choose to retain the
article before tendering it back, in the absence of any
circumstances tending to excuse the delay, may be so
short that the court may declare it to be a reasonable
time, or so long that the court may declare it to be an
unreasonable time, as matter of law. Thus, in *Branson
v. Turner, supra*, it was said that two weeks was not
an unreasonable time to allow the vendee within which
to return to the vendor, a yoke of oxen, and demand a
rescission of the contract. We incline to think that two
months and a half, in the absence of explanation or
excuse, is, as matter of law, an unreasonable time ; but,

as the attention of the court was not directed to this point by either party, we prefer not to be understood as deciding it.    Moreover, the rule manifestly contemplates that a rescission can only be made by tendering the article back to the other contracting party, the vendor. But here, the court instruct the jury, in effect, that a rescission can be made by tendering it to a third party who has made a collateral contract of guaranty with the vendee, and that the vendee may recover of such third party the money which he paid in respect of the purchase, not to such third party, but to his immediate vendor.    This is unwarranted by any principle with which we are acquainted.

The judgment will be reversed and the cause remanded.    It is so ordered.    All the judges concur.

Concurring opinion of ROMBAUER, J.

The instructions of the court given on behalf of the plaintiffs seem to assume that the sale of the machine was made by the defendant to the plaintiffs, and that the guaranty was that of the vendor.    Not only does the guaranty offered in evidence by the plaintiffs negative this inference, but there was in other respects, to say the least, a conflict of testimony on the subject, as to whether French acted as agent of the defendant, or on his own behalf, in making the sale.    There is nothing in the pleadings and evidence which would justify the court to assume as a matter of law that the guaranty was that of the vendor.

Thus, the only theory on which the instructions of the court can be supported fails.

The plaintiffs may have a remedy against the defendant upon the guaranty, if broken, but can certainly have none upon a rescission of the contract of sale, unless that contract was the defendant's contract.    That fact is denied by the answer, and has not been found by the jury.