## WILLIS JOHNSON, Respondent, v. E. KAHN, Appellant.

### St. Louis Court of Appeals, January 20, 1903.

1. **Justices' Courts: STATEMENT, SUFFICIENCY OF.** A statement before a justice of the peace, sufficiently specific to inform the opposite party of the foundation and character of the demand asserted is a full and sufficient compliance with the statutory provision.

2. ———: ———. The forerunning statement filed before a justice of the peace meets the requirements of the statutes: "Mexico, Mo., Sept. 17, 1901. E. Kahn, Dr. to Willis Johnson: Making sale of saloon stock, $92.50."

3. **Trial Court: DUTY OF TESTIMONY: PROCEDURE; TRIAL.** The provision of a trial court in a case before a jury is not to determine when proof has been made sufficient for a verdict, but is confined to instructing when testimony introduced tends to establish a fact in issue.

4. ———: ———: **EXPERT TESTIMONY: JURY: COURT.** The testimony of experts is admitted as a matter of necessity to be received and considered with great caution. The competency of such witnesses to testify is a legal question for the court to decide, but the weight to be given to expert testimony is to be determined by the jury.

### Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED AND REMANDED.

*R. D. Rodgers* for appellant.

(1) The statement of the facts constituting plaintiff's cause of action filed with the justice, and on which the case was tried in the circuit court, was a nullity. It did not advise the opposite party of the nature of the claim and was not sufficiently specific to bar another action. Secs. 3852 and 3853, R. S. 1899; Hill v. St. L. O. & S. Co., 90 Mo. 104; Rosenberg v. Boyd, 14 Mo.

App. 429; St. Louis v. Babcock, 156 Mo. 148. (2) The testimony in this case showed that whatever the plaintiff did toward the sale of the saloon was done as an act of friendship or as agent for his cousin, Charles Johnson. The trial court should have given defendant's refused instructions Nos. 1, 2, and 4, submitting the case to the jury on that theory of fact. Warren v. Cram, 71 Mo. App. 638; Rosenthal v. Drake, 82 Mo. App. 358; Chapman v. Currie, 51 Mo. App. 40. (3) The testimony of the expert witnesses, Hopkins & Ricketts, as to the value of plaintiff's services sued for, was merely advisory, the weight of it being for the determination of the jury. Hence, the manifest error of giving the latter part of plaintiff's instruction No. 5. Cosgrove v. Leonard, 134 Mo. 419; Rose v. Spies, 44 Mo. 20. (4) The court erred in refusing to allow defendant to show what work the plaintiff did and how much time he spent in trying to sell the saloon to Charles Johnson. The amount of his compensation, if any, depended thereon. Mechem on Agency, sec. 605-606; Eggleson v. Boordman, 37 Mich. 14; Vilos v. Downer, 21 Vt. 419; Bank v. Combs, 7 Penn. St. 543; Stanton v. Embry, 93 U. S. 548.

REYBURN, J.—This action was commenced before a justice of the peace upon the following statement:

"Mexico, Mo., Sept. 17. 1901.

"E. Kahn, Dr.

"To Willis Johnson,

"Making sale of saloon stock, $92.50."

The case was appealed to the circuit court, where it was tried before a jury upon the same account. At no stage of the proceeding did defendant object to the sufficiency of the statement filed, except that at the close of the trial in the circuit court he asked an instruction that under the statement filed and the evidence introduced, plaintiff was not entitled to recover, which instruction was refused by the court. On trial in the circuit court the evidence showed that appellant was

conducting a saloon in Centralia, Missouri, which he wished to sell; that he agreed to pay respondent a commission if he would find a purchaser, and on August 25, 1901, respondent went to appellant's home, and told him there was a man in town who wished to buy his saloon. Appellant accompanied by respondent went to his place of business, met Charles Johnson, showed him through his establishment, named the selling price and in the course of a few weeks sold the saloon to Charles Johnson.

The first question presented is the sufficiency of the statement or account constituting the plaintiff's cause of action originally filed with the justice, and on which the case was tried in the circuit court. Section 3852 of the statutes provides that no formal pleadings on the part of either plaintiff or defendant shall be required in a justice's court, but before any process shall be issued in any suit the plaintiff shall file with the justice the instrument sued on or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded. Justice's courts are inferior tribunals, established to facilitate the summary disposal of petty controversies as economically and as expeditiously as possible. Formal pleadings therein are expressly dispensed with in order that suitors, if they see fit, without professional aid may prepare their own statements of causes of action, and conduct their own trials. A statement sufficiently specific to inform the opposite party of the foundation and character of the demand asserted, and to bar a subsequent action predicated upon the same facts, is a full and sufficient compliance with the statutory provision. The statement on which the present action was begun meets these requirements of the statute, and in substance, if not in identical form, has received approval and can no longer be assailed. Force v. Squier, 133 Mo. 306, and cases therein cited.

Proceeding to the consideration of the instructions under which this case was submitted to the jury, the plaintiff offered the testimony of experts to establish

the value of his services in effecting the sale, who qualified by stating that they were engaged for many years in the real estate business and that the usual and reasonable commission of an agent for selling merchandise was five per cent on the first thousand dollars, and two and one-half per cent on the remainder of the purchase price, and upon this branch of the case the court instructed as follows:

"The jury is instructed that if you find for plaintiff you will return a verdict for such an amount as you believe from the evidence to be the usual and reasonable value of such services as plaintiff rendered, and you are further instructed that under the evidence in this case five per cent upon the first thousand dollars, and two and one-half per cent upon all sums over one thousand dollars, for which said saloon was sold, is the usual and reasonable value of such services."

The testimony of experts is admitted as a matter of necessity to be received and considered with caution. The competency of such witnesses to testify is a legal question for the court to decide, but the weight to be given to expert testimony is to be determined by the jury, and it is their province to weigh such testimony, which at best is merely advisory and not conclusive, and the right of the jury to reject intact the opinion of an expert is as broad and as well established as its right to repudiate or reject the testimony of an ordinary witness upon a question of fact. Apart from the element present in this case that the testimony regarding which this instruction was given is of that class denominated expert testimony, its peremptory character alone would be sufficient to condemn it. The jury are the sole judges of the weight of the evidence and of the credibility of witnesses and the acceptance by the jury of evidence as true and satisfactory is as essential, before proof can be said to have been completely made upon any controverted issue, as the presentation of the testimony itself. The province of a trial court in a case before a jury is not to determine when proof has been made sufficient for a verdict, but is confined to instructing when testi-

mony introduced tends to establish a fact in issue. Fullerton v. Fordyce, 144 Mo. 519; Hoyberg v. Henske, 153 Mo. 63; Cosgrove v. Leonard, 134 Mo. 419; Gannon v. Gas Co., 145 Mo. 502.

For the error in thus instructing the jury the case is reversed and remanded for a new trial.    *Bland, P. J.,* and *Goode, J.,* concur.