MANLEY, Respondent, v. CRESCENT NOVELTY MANUFACTURING COMPANY, Appellant.

St. Louis Court of Appeals, December 1, 1903.

1. JUSTICES: Pleading. Formal pleadings are dispensed with in a justice's court, and a statement sufficiently specific to inform the opposite party of the basis and character of the demand asserted, and to bar a subsequent action founded upon the same facts, is a full compliance with the statutory requirement.

2. RESCISSION: Reasonable Time: Duty of Party Rescinding. The vendee of chattels, bought upon express warranty, or by sample, has a right to rescind the sale, for failure of vendor to comply with the warranty, but in order to do so he must exercise that right within a reasonable time, and place the defendants *in statu quo*.

3. ———: ———: Jury Question. The question as to whether a vendee of chattels, bought upon express warranty or by sample, exercises his right of rescission within a reasonable time, is usually a question of fact for the jury; it is for the jury where fairminded men may reasonably differ in opinion upon it, but the time may be so short that the court may declare it reasonable, or so long that the court may declare it unreasonable, as a matter of law.

4. ———: ———: Question of Law. A vendee of chattels, bought with express warranty, notified the vendor of defects in them October 20, 1901, but did not offer to rescind until March 18, 1902, no explanation of the delay being offered: *Held,* an unreasonable time had elapsed, and vendee had lost his right to rescind.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

REVERSED AND REMANDED.

*Geo. W. Lubke, Jr.*, for appellant.

(1) The item of plaintiff's statement which he elected to stand on states no cause of action against defendant, because it does not aver the facts constituting

and essential to a rescission of the contract between plaintiff and defendant, in that it omits to allege a tender back of property sold within a reasonable time after a discovery of the alleged defect. Tower v. Pauly, 51 Mo. App. 75; Robinson v. Siple, 129 Mo. 208; Feld v. Roanoke Investment Co., 123 Mo. 603. The instructions asked by defendant, and refused should have been given, because: (a) A party seeking to rescind a contract of sale must tender back the thing sold and place the other party *in statu quo;* and where he is not in a position to return the chattel he can not rescind the contract. Tower v. Pauly, 51 Mo. App. 75; Robinson v. Siple, 129 Mo. 208; Feld v. Roanoke Investment Co., 123 Mo. 603. (b) One who seeks to rescind a contract of sale of personal property, must exercise his right to do so promptly, within a reasonable time after the happening of the cause which gives him the right to do so; and where the delay is unreasonable or is without excuse or fair explanation, the court should, as a matter of law, declare the same unreasonable. World Publishing Co. v. Hall, 81 Mo. App. 277; Tower v. Pauly, 51 Mo. App. 75; Pierce Steam Heating Co. v. Sigel Gas Fixture Co., 60 Mo. App. 148; Viertel v. Smith, 55 Mo. App. 617; Johnson v. Whitman Agricultural Company, 20 Mo. App. 100. (c) Where there is no controversy as to the facts, the question of what is a reasonable time is one of law, and must be determined by the court. Metropolitan Rubber Co. v. Monarch Rubber Co., 74 Mo. App. 26; Tower v. Pauly, 51 Mo. App. 75; McKeen v. Bank, 74 Mo. App. 281; State ex rel. v. Hall, 45 Mo. App. 298; Skeen v. Springfield Engine, etc., Co., 34 Mo. App. 485; State ex rel. v. Goetz, 131 Mo. 675.

*Abbott & Edwards* for respondent.

(1) The items of plaintiff's statements, on which recovery was had, states a cause of action against defendant. This suit was instituted before a justice of

the peace, and all that is required in pleading before a justice of the peace is, that the pleading must be sufficient to advise the other party with what he is charged, and be sufficiently definite to bar another action. Beyond this no formal precision is requisite. Wilkinson v. Ins. Co., 54 Mo. App. 661; Reeds v. Lee, 64 Mo. App. 683; Lemon v. Lloyd, 46 Mo. App. 452; Bauer v. Barnett, 46 Mo. App. 654. (2) The court did not err in admitting all of plaintiff's letters of December 7, 1901. (3) Plaintiff's evidence showed that he was able to return all of the cutters, and to place the defendant. *in statu quo.*

## STATEMENT.

This action was begun before a justice of the peace, of the city of St. Louis, by filing the following statement:

"Crescent Novelty Mfg. Co., to J. S. Manley, Dr.

| | | |
|---|---|---|
| By amount paid by J. S. Manley to Crescent Novelty Mfg. Co., account 75 cutters, charged at $2.25 apiece, which cutters were not according to the contract.......... | | $168 75 |
| Damages because of the failure of the Crescent Novelty Mfg. Co. to manufacture and deliver cutters according to the contract....... | | 350 00 |
| | | $518 75 |
| To credit: | | |
| 1 Ret'd Stamp ..................$ | 3 00 | $ |
| 48 Disc. at 35 c.................... | 16 80 | 19 80 |
| | | $498 95" |

A counterclaim was filed by defendant consisting of an account, composed of sundry items showing a balance of $58.05 claimed, but as the verdict of the jury

was in favor of plaintiff for $155.85, and for defendant on its cause of action against plaintiff for $19.80, obviously the credit voluntarily given, no further consideration need be given thereto.

At the opening of the trial, before any evidence had been introduced, defendant moved the court to exclude all evidence on plaintiff's first item on the ground that it stated no cause of action against defendant, in that it contained no allegation that plaintiff offered to deliver back the articles sold, the price whereof plaintiff sought to recover, which motion was overruled, and the trial proceeded. At the completion of plaintiff's testimony, the defendant moved the court to require plaintiff to elect upon which of the causes of action stated, he would go to the jury and the motion being sustained, plaintiff elected to stand upon the first item based on the claim that the contract had been rescinded.

The testimony established a contract by correspondence between the parties, written from Anniston, Alabama, and St. Louis, Missouri, by which defendant undertook to manufacture and deliver, on board cars at city of St. Louis, one hundred cotton-bale tie cutters, at price of $2.25 each, the arms of which should be made of cast steel, the discs to be constructed of best tool steel, and to be finished and manufactured in conformity to a sample implement made and submitted by defendant to plaintiff, to be first-class work in every respect, with wooden handles and arms above them japanned, all portions of the cutters to be of a standard size and made so as to be interchangeable. Defendant undertook the execution of the contract and delivered in part performance seventy five of the tools: testimony, oral and epistolary, was introduced by plaintiff establishing the contract and tending to prove that the cutters delivered were not manufactured in compliance therewith, and the defendant offered evidence to the contrary.

REYBURN, J. (after stating the facts as above).—
1. The statement of his cause of action filed in magistrate's court by plaintiff at inception of the proceeding was sufficient: formal pleadings on part of either plaintiff or defendant are expressly dispensed with by statute in a justice's court, and a statement sufficiently specific to inform the opposite party of the basis and character of the demand asserted, and to bar a subsequent action founded upon the same facts, is a full compliance with the statutory requirement. R. S. 1899, sec. 3852; Johnson v. Kahn, 97 Mo. App. 628. While the recitals of plaintiff's complaint do not contain all the allegations sufficient to constitute the cause of action sought to be upheld by the proof introduced, the statute's liberal provisions are met and satisfied.

2. The delivery of the cutters from time to time as manufactured seems to have proceeded, till September 27, 1901, when final shipment was made completing the total number delivered as stated. By letter of October 20th, plaintiff made a series of objections to the tools received, enumerating various defects and imperfections, and concluding with a declaration that he wanted no more like them, and could not accept any of them as a fulfillment of the contract and inquiring what defendant proposed to do. About the middle of March following, defendant was advised by attorneys of St. Louis that plaintiff had placed his claim in their hands for immediate attention, and this proceeding was begun soon after.

In a sale of personalty upon express warranty by the vendor or in sale on sample, the right of rescission by the vendee is firmly established in this State, although the rule in many other States is otherwise. 2 Mechem, Sales, sec. 1805; Johnson v. Whitman Agricultural Co., 20 Mo. App. 100. The enforcement of this remedy, however, is conditioned upon its exercise seasonably and the restoration of the opposite party to *statu quo* by surrender of all obtained by the vendee

under the contract. The vendee has of right a reasonable time, after arrival of the chattels sold, to satisfy himself whether they complied with the warranty, or, if sold by sample, with the latter; but in determining to refuse the property and rescind the sale by tendering it back to the vendor, he is required to act within a reasonable period. The established rule deduced from the many decisions upon the subject is, that what will be a reasonable time is usually a question of fact for the jury, and not a question of law for the court; where fair-minded men may reasonably differ in opinion upon the question, whether the vendee had exercised his right of rescission and made return of the personalty sold with reasonable promptness, the issue is one of fact for the jury, but where the period of time, suffered to elapse between the delivery and the effort to rescind, is so long that no such question can arise, the issue is not one of fact for the determination of the jury, but it becomes the duty of the court to pronounce the delay unreasonable as a matter of law. In other words, the time may be so short that the court may declare it reasonable or so long that the court may declare it unreasonable. Tower v. Pauly, 57 Mo. App. 75; Steam Heating Co. v. Gas, etc., Co., 61 Mo. App. 148; Skeen v. Springfield, etc., Co., 34 Mo. App. 485; Rubber Co. v. Rubber Co., 74 Mo. App. 266; Branson v. Turner, 77 Mo. 489; Johnson v. Whitman, etc., Co., 20 Mo. App. 100.

The tender of the return of the cutters and demand for payment of the money paid therefor, was made on behalf of plaintiff subsequent to the eighteenth of March, 1902; no explanation or excuse was made or attempted, why the rescission of the contract had been so long deferred after notice given in letter of October 20, 1901, of the defective character of the cutters, and that they would not be accepted under the contract, and without hesitation or doubt, so long an interval should have been declared an unreasonable time and the plaintiff barred from the relief sought in this action.

The instruction asked by appellant at the termination of plaintiff's testimony, and again, in substance, requested at the close of the whole case, to the effect that, upon the pleadings and all the evidence, the plaintiff was not entitled to recover on his cause of action against it, and that the verdict of the jury upon the plaintiff's cause of action must be in favor of defendant, should have been given. The judgment is accordingly reversed and the cause remanded. _Bland, P. J._, and _Goode, J._, concur.