## SPAULDING MFG. CO. v. COOKSEY.

No. 2166.   Opinion Filed October 15, 1912.

(127 Pac. 414.)

1.   APPEAL AND ERROR—Review—Discretion of Trial Court. Matters clearly within the sound judicial discretion of the trial court will not be inquired into, unless it appears of record that such discretion has been abused.

2.   SALES—Warranties—Breach—Damages.   The detriment caused by the breach of a warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time.

3.   SAME—Evidence.   Evidence examined, and held that there was a total failure to prove any damages under the foregoing rule.

4.   APPEAL AND ERROR — Review—Evidence—Sufficiency.   Matters capable of proof should not be left to conjecture.   Verdicts and decisions of courts should be based upon evidence, not upon guesswork.

(Syllabus by Robertson, C.)

*Error from District Court, Greer County;*
*G. A. Brown, Judge.*

Action by the Spaulding Manufacturing Company against W. E. Cooksey on a promissory note.   Judgment for defendant

on a counterclaim, and plaintiff brings error.   Reversed and rendered.

*James Percy Powers* and *A. C. Lyon,* for plaintiff in error.

Opinion by ROBERTSON, C.   On June 7, 1909, plaintiff sued defendant in the district court of Greer county to recover the sum of $75 and interest alleged to be due on a certain promissory note.   In the original petition, plaintiff claimed to be a corporation, but in the amended petition they are shown to be a partnership with its principal place of business at Grinnell, Iowa. Defendant on August 21, 1909, filed a plea in abatement, setting up that at the time the note was executed plaintiff had a principal place of business at Mangum, Okla., and was doing business under a fictitious name, or a name not showing the names of the partners interested in said business, and that, therefore, plaintiff had no legal right to maintain said suit for the reason that they had failed to file and publish the certificate required by section 5023, Comp. Laws 1909, and prayed that the action might be abated, etc.   On the same day plaintiff executed, and on September 4, 1909, filed with the clerk of the district court, the certificate above alluded to.   On October 27, 1909, plaintiff filed its motion for judgment on the pleadings.   Thereafter on January 17, 1910, the court denied the plea in abatement, and at the same time overruled the motion for judgment on the pleadings, and gave defendant leave to answer.   Defendant's answer and counterclaim was filed on January 25, 1910, admitting the execution of the note sued on, and setting up failure of consideration on account of plaintiff's failure to make good a certain warranty alleged to have been given to defendant by plaintiff on a certain surrey which defendant had purchased from plaintiff, and for which the note sued on had been given.   Defendant prayed that his note be canceled, and that he be given a judgment for $105, money theretofore paid on the purchase price of the said vehicle. He also offered to return the surrey to plaintiff.   Trial was had to the court without a jury, and resulted in a judgment in favor of defendant on his counterclaim, canceling the note sued on, and giving judgment against plaintiff for $105, and ordered the re-

turn of the surrey to the plaintiff. Motion for new trial was duly presented and overruled, and plaintiff brings error.

Plaintiff in error insists that the court erred in refusing judgment on the pleadings as prayed for. While there would have been no error had the court granted the motion, and rendered judgment, yet, under the circumstances of the case, there was no error in refusing to do so. The plea in abatement was pending and undisposed of when the motion for judgment on the pleadings was filed. Both were called up and presented to the court at the same time, and both were denied by the court on the same day. A party has the undoubted right to present a plea in abatement, and to have the same passed on by the court. We must assume that it was filed and presented to the court in good faith; nothing to the contrary appearing in the record. The court very properly, after denying the plea in abatement, gave the defendant time to file an answer. The refusal of the court to sustain the motion for judgment on the pleadings under the circumstances was not so much a denial of the motion as it was an indication on the part of the court of a very proper desire to give the defendant a fair opportunity to present a defense to the allegations of plaintiff's petition. Appellate courts cannot say, in the absence of a showing to that effect, that a pleading in a case was filed solely for delay, or that the same was without merit. Counsel for plaintiff in error insist that we, in effect, say that such was true in this case. The trial court, with knowledge of all the facts, thought otherwise, and we are not disposed to criticise, but rather to approve, that finding. At any rate, the matter was one within the sound judicial discretion of the court; and, in the absence of a specific showing that such discretion has been abused, this court will not interfere with the ruling of the trial court.

The next assignment of error is that the judgment is unsupported by the evidence, and is contrary to law. The record shows that the defendant purchased the surrey from the plaintiff on November 7, 1905, giving in payment thereof two promissory notes of $75 each. One of these notes was renewed shortly after by the giving of another in the sum of $85. Two years and four months after the sale the defendant voluntarily paid $105 on the

notes, and the balance remaining due and unpaid was put into a new note, which is the one sued on in this action. It appears in evidence (but only by way of admission on the part of plaintiff) that there was a guaranty on the vehicle for one year from date of sale against any defects in material or workmanship. At the time the note sued on was executed, which was more than two years from the date of the sale of the vehicle, the company in an effort to amicably settle with defendant had put a whole new body on the surrey. The evidence also shows that defendant was using the surrey from time to time. There was a total failure to prove warranty, either written or oral, except the admission of the same by the plaintiff that all their vehicles were guaranteed as to defects in material and workmanship for only one year after the sale. In this case defendant admits the execution of the note, but pleads failure of consideration, in that there was a breach of the warranty, etc. The burden, therefore, of proving the warranty as well as the breach thereof and the damages resulting thereby was upon him. As hereinbefore stated, there is absolute failure to prove a warranty except the admission by the plaintiff that all their vehicles were guaranteed as to defective material and workmanship for one year after the sale, and in this case there is absolutely no proof that even this guaranty was breached. The measure of damage, even though there had been a breach, is fixed by section 2900, Comp. Laws 1909, as follows:

"The detriment caused by the breach of a warranty of the quality of personal property, is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time."

Measured by this rule, defendant was not entitled to recover anything on his cross-petition under the evidence in this case, as there is a *total* failure to prove damages as required by this section of the statute. As was well said by Rosser, C., in *Spaulding Mfg. Co. v. Holiday*, 32 Okla. 823, 124 Pac. 35, in discussing a similar question:

"There was no evidence whatever in the record showing the value of the buggy he was entitled to under his contract, any further than is shown by the notes which he gave for its pur-

chase price. There was not a scintilla of evidence of any kind ·showing the value of the buggy. That it had some value cannot be doubted from the fact that the defendant had used it for more than a year prior to the trial; and that it had some value at the time of the trial must be presumed from the fact that defendant had paid $13 to have it repaired only a short time before the trial. The evidence does not show whether it was worth more or less than the purchase price at the time it was delivered. Matters capable of proof should not be left to conjecture. Verdicts should be based upon evidence, not upon guesswork, especially concerning things so easily capable of proof. As there was no evidence as to the measure of damages, as prescribed in section 2900, *supra,* the defendant has failed to establish his defense."

A careful and painstaking examination of the entire record shows that defendant *wholly failed* to establish the allegations of his counterclaim. There is no competent evidence in support of the same. In fact, there is a total failure of proof. This being true, it follows that the court erred in rendering judgment against the plaintiff. This error doubtless arose over a misunderstanding or misconception of the law relative to the measure of damages applicable to this case. If defendant failed to establish his defense as set up in his counterclaim, then it necessarily follows that the judgment was erroneously entered, and that, on the contrary, plaintiff was entitled to a judgment as prayed for in its petition. Defendant in error has not deemed it necessary to favor us with a brief. We would be justified in reversing the case under the rules of this court without assigning any other reason, but inasmuch as the record before us presents fully and completely both sides to this controversy, and no good result can be obtained by remanding the cause for another trial, we will enter final judgment here.

For the reasons above given the judgment of the district court of Greer county should be reversed, set aside, and held for naught, and in lieu thereof plaintiff, the Spaulding Manufacturing Company, should have and recover of and from defendant, W. E. Cooksey, the sum of $75, with interest thereon from February 25, 1908, at the rate of ten per cent. per annum and the further sum of $15 as an attorney fee as provided in said note, and for all costs.

By the Court: It is so ordered.