## PARSONS v. SMITH *et al.*

No. 4945.   Opinion Filed September 14, 1915.

Rehearing Denied October 6, 1915.

(151 Pac. 862.)

**SALES—Breach of Warranty—Measure of Damages.**   Under sections 2900, 2901, Comp. Laws 1909 (sections 2865, 2866, Rev. Laws 1910), the detriment caused by a breach of warranty of the fitness of an animal for a particular purpose is deemed to be the excess, if any, of the value which the animal would have had at the time to which the warranty referred, if it had been complied with,

over its actual value at the time, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Woodward County;*
*James W. Steen, Judge.*

Action by A. K. Parsons against J. E. Smith and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Charles Swindall,* for plaintiff in error.

*Charles R. Alexander,* for defendants in error.

Opinion by RITTENHOUSE, C. This action was brought to recover judgment for $1,400, and interest on two promissory notes made, executed, and delivered on April 28, 1909, for the purchase price of a certain jack named "Independence." An answer was filed, admitting the execution of the notes and alleging a breach of an express and implied warranty. The cause was tried to a jury under proper instructions, and resulted in a verdict as follows:

"We, the jury duly impaneled and sworn to try the issues in the above-entitled cause, do, upon our oaths, find for the defendants, they to return the jack (named 'Independence') to the plaintiff at Woodward, and receive in return both notes and retain what the jack has earned; plaintiff to pay costs."

An exception was saved to this verdict, which was allowed by the court, and judgment was rendered according to the terms of the verdict. Plaintiff complains of this verdict on the ground that it is contrary to law, arguing that the verdict of the jury should have been for the plaintiff for the amount of the notes sued on, less such damages as the defendants might have been entitled

to for the breach of the warranty. In this contention we agree. The verdict of the jury should have been for the plaintiff for $1,400, less the damages sustained, as defined by sections 2865, 2866, Rev. Laws 1910 (sections 2900, 2901, Comp. Laws 1909), which would be the excess, if any, of the value which the jack would have had at the time to which the warranty referred, if it had been complied with, over the actual value at that time, together with a fair compensation for the loss incurred by an effort in good faith to use the jack for the purpose for which it was purchased. *Burgess et al. v. Felix*, 42 Okla. 193, 140 Pac. 1180; *Kansas City Hay Press Co. v. Williams et al., ante*, p. 6, 151 Pac. 571; *Spaulding Mfg. Co. v. Holiday*, 32 Okla. 823, 124 Pac. 35; *Spaulding Mfg. Co. v. Cooksey*, 34 Okla. 790, 127 Pac. 414; *Wiggins v. Jackson*, 31 Okla. 292, 121 Pac. 662, 43 L. R. A. (N. S.) 153; Sedgwick on Damages, section 762.

The instructions of the court properly stated the measure of damages, but the verdict and judgment are contrary to the instructions. It is contended by the defendants that, if the verdict can be said to be too broad, it is not objectionable on that account, because the part which does not apply to the issues may be disregarded as surplusage, and that part of the verdict which says "do upon our oaths find for the defendants" may be treated as the verdict of the jury, while the remaining portion, "they to return the jack (named 'Independence') to the plaintiff at Woodward, and receive in return both notes and retain what the jack has earned; plaintiff to pay costs," should be regarded as surplusage. This we cannot do. The jury did not intend that the jack should be retained by the defendants and at the same time relieve them from all responsibility under their contract.

What the jury attempted to do was to cancel the contract and place the parties in the condition they were in prior to the sale, giving the defendants the earnings from the services of the jack, and requiring the plaintiff to pay the costs. Their attempt to render such a verdict was beyond the issues involved in the case at bar, and therefore contrary to law.

The cause should be reversed and remanded.

By the Court: It is so ordered.