## WESTERN SILO CO. v. COUSINS.

No. 9292—Opinion Filed Sept. 9, 1919.

Rehearing Denied Oct. 14, 1919.

(Syllabus by the Court.)

1. **Sales—Warranty—Measure of Damages —Burden of Proof.**

In a suit on a note for the purchase price of personal property, where the maker of the note pleads as a defense a breach of warranty as to quality, the measure of damages for the breach is the difference between the value of the article as it was warranted to be and its actual value; and in such case the burden is upon the defendant to prove the breach of warranty and the amount of damages.

2. **Appeal and Error—Theory of Cause— Change of.**

Where plaintiff sues upon a promissory note and the defendant's answer admits the execution of the note and sets up as a defense thereto a breach of a contemporaneous parol agreement of a warranty of fitness and prays that plaintiff take nothing and that the defendant recover damages and costs, and the case proceeds to trial upon the issues thus joined, and the court submits the cause to the jury authorizing a recovery by the defendant upon the theory of a breach by the plaintiff of an implied warranty only of the thing sold by the plaintiff, and the jury returns a verdict in favor of the defendant, held: That the defendant will not be permitted to urge in this court that the defense of the defendant was one for rescission under Rev. Laws of Oklahoma, 1910, secs. 984 and 986, and where the answer of the defendant contains no allegation that there was an offer to rescind promptly and to restore to the plaintiff within a reasonable time the property in question.

3. **Sales—Rescission—Unreasonable Delay.**

Where a person kept and used personal property for about two and one-half years, and then offered to return it, because it was not as represented, the offer to return was too late; and the delay in offering to return was unreasonable as a matter of law.

4. **Same—Warranty—Measure of Damages.**

Under secs. 2900, 2901, Comp. Laws 1909 (secs. 2865, 2866, Rev. Laws 1910), the detriment caused by a breach of warranty of the fitness of personal property for a particular purpose is deemed to be the excess, if any, of the value which the personal property would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose.

5. **Same—Instructions.**

Instructions examined, and held to be prejudicial to the rights of the plaintiff in that they authorized the jury to find that there had been a total failure of consideration for the notes sued upon and that the proper

measure of defendant's damages was not correctly stated in the instructions.

Error from District Court, Greer County; T. P. Clay, Judge.

Action on note by the Western Silo Company against L. G. Cousins. From judgment for defendant and order overruling motion for new trial, the plaintiff brings error. Reversed and remanded.

Wylie Snow, F. J. Leasure, J. D. Morse, and J. C. Willingham, for plaintiff in error.

H. D. Henry, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Greer county, T. P. Clay, judge. This action was brought by the Western Silo Co., a co-partnership, composed of Sid R. Clift and Keller J. Bell, as plaintiffs, against L. G. Cousins, as defendant. A petition was filed on the 24th day of October, 1914, in two counts alleging in substance as follows: (1) That on the 27th day of August, 1912, defendant, L. G. Cousins, entered into a written contract for the purchase of a silo and cutter. (2) That pursuant to said contract, defendant on the 6th day of September, 1912, executed two promissory notes for $335 and $155 respectively, which notes were past due and unpaid. Prayer: Plaintiff prays judgment for $582 together with interest from the 6th day of December, 1914, at 8 per cent. per annum and for $58.21 attorney fees.

The answer of the defendant was filed on the 12th day of January, 1915, denying generally all the allegations of the petition not specifically admitted, and setting out two affirmative defenses to each count of the petition.

1. For the first affirmative defense to plaintiff's first cause of action, defendant admitted the execution of the contract and notes as set out in the petition and alleged the breach of a parol agreement on the part of the plaintiff to erect the silo and consequent damage to the defendant; and further alleged that defendant had the silo erected at his own expense in a good and workmanlike manner and that the said silo so erected was not suited to the purposes for which it was intended and that in the winter of 1913 and 1914, fell down; that by reason thereof, there had been a failure of consideration and damage to the defendant.

2. As a second ground of defense to plaintiff's first cause of action, defendant adopted all the allegations of his first ground of defense and alleged that the silo as assembled and constructed by him in good and workmanlike manner, fell down in the winter of 1913 and 1914 and was useless and unsuitable for the purposes for which purchased and that the falling down of said silo was due to defective material.

3. Defendant for a first ground of defense to plaintiff's second cause of action alleged that the note set out in the second count of the petition was given for the purchase price of a cutter to accompany the silo; that said cutter was purchased for the purpose of cutting ensilage and blowing same into the silo; that there was a parol agreement between the defendant and plaintiff that the cutter and pipe should be shipped in time to put up a certain feed crop in 1912; that plaintiff had failed to comply with its parol agreement and that defendant had been damaged thereby to the extent of $350, for which he prayed damages.

4. As a second defense to the second cause of the plaintiff, defendant adopted all of the allegations of first defense and further alleged that plaintiff had guaranteed the cutter to be operated by an 8-horsepower engine, and that it failed to perform the work for which it was purchased and was worthless for those purposes and by his pleading tendered same to the plaintiff.

On the 19th day of May, 1915, by consent of counsel, plaintiff filed an amended reply denying generally all the allegations in the answer and pleading that all the agreements of the parties were specifically set up in the written contract and that the defendant was estopped to set up collateral agreements.

The case came on for trial on the 10th day of January, 1917, and was tried to a jury. The jury returned a verdict for the defendant and judgment was accordingly rendered thereon on the 10th day of January, 1917. Plaintiff's motion for a new trial was overruled. to which the plaintiff excepted, and duly lodged its appeal by petition in error in this court on July 10, 1917. The errors complained of in the petition filed herein are as follows: (1) The court erred in overruling motion for judgment on the pleadings. (2) The court erred in admitting testimony of L. G. Cousins appearing at page 47 of the record. (3) The court erred in admitting testimony of L. G. Cousins concerning the value of ensilage. (4) The court erred in admitting testimony of C. A. Stubbs concerning the Remmer silo. (5) The court erred in admitting testimony of S. R. Good concerning the capacity of cutter. (6) The court erred in admitting testimony of J. M. Remmer concerning the Remmer silo. (7) The court erred in refusing to admit the testimony of Keller J. Bell concerning money paid by the plaintiff as commission. (8) The court erred in refusing to give specially requested instruction No. 1. (9) The court erred in giving general instructions Nos. 3. 3½, and 4. (10) The court erred in overruling plaintiff's motion for new trial.

Counsel for plaintiff in their brief say:

"The errors of which we complain go to the sufficiency of the pleadings, the admission of evidence and the instructions to the jury. They can scarcely be grouped under any well defined legal heads, and we feel that they

can best be presented by treating the assignments of error separately."

We have carefully examined the entire record in this case, also briefs of counsel, and will consider the assignments of error together in so far as we deem it necessary to a proper determination of this appeal.

The plaintiff brought its action to recover upon two promissory notes executed on the 6th day of September, 1912, one for the principal sum of $335.00, constituting the plaintiff's first cause of action, and the other for $155.00, constituting the plaintiff's second cause of action. Copies of each were attached to the petition and marked exhibit B and C respectively. The defendant in his answer admitted the execution of the notes, and as a defense to the plaintiff's first cause of action the defendant alleged by way of defense that there was a failure of consideration as to the note in that the plaintiff failed to furnish a skilled mechanic acquainted with the construction of silos to go to defendant's farm and construct and erect the silo, and that the defendant was compelled to and did employ competent carpenters at an expense of $25.00 for their labor and board who did erect the silo in a good and workmanlike manner, and that the same was worthless on account of defective material furnished to the plaintiff, and prayed that the plaintiff take nothing and defendant have judgment for $25.00 and costs. And by way of defense to the plaintiff's second cause of action the defendant alleged a breach of warranty as to fitness of the thing sold, delay in delivery thereof in time, in that it was understood that the cutter should be shipped in time to arrive and be set up so as to enable the defendant to preserve his feed crop for the year 1912, and that the cutter failed to arrive until October 26, 1912, and after a frost had come and ruined his crop, and that the cutter was defective and unfit for the intended use for which it was sold and warranted, and that he was damaged by loss to his feed crop in the sum of $350.00, for which sum he prayed judgment and for costs.

The defendant testified that he did not sign the notes until after he received the silo and cutter, that he kept and used both for the season of 1912, and the silo for the season of 1913, that he filled the silo with ensilage for the season of 1913 made by a cutter belonging to a Mr. Goode, a neighbor, and fed the ensilage out and that next spring after the silo was emptied it collapsed, that he stacked the material on the premises and that the same, together with the cutter, was upon his premises at the time of the trial. He made a tender back in his answer of both the silo and the cutter and was willing that plaintiff should have them. That he told the collector that came to see him that he would not pay the notes on account of the worthlessness of the silo and the cutter. This was after the notes were due. That he wrote the plaintiff of the defects in the silo and cutter but could fix no date as to such letters, all of which was contradicted by witnesses of the plaintiff.

The issues were joined by the petition of the plaintiff, the answer of the defendant and the reply thereto of the plaintiff as hereinbefore referred to, without any preliminary pleadings of any kind or character being interposed by either party; after which the plaintiff moved for judgment upon the pleadings, which was overruled by the court and excepted to by the plaintiff.

Counsel for defendant argue in their brief as follows:

"Answering the first assignment of error of the plaintiff, we contend that defendant's answer states a good cause of action; that while we admit the execution of the notes sued upon, the answer was duly verified and that placed in issue the question of want of consideration for the making and giving the two notes sued upon, to the end that the silo and cutter were worthless and of no value, and that we in our answer tendered them to the plaintiff, and by said tender we are within sections 984 and 986, Laws of Oklahoma of 1910, and many cases have been rendered by this court that two ways are provided in this state to rescind a contract; one is to keep the property bought and sue for damages, and the other tender the property to the seller. This rule is well settled in this state, and it is not necessary to take the time of the court to cite cases here on this point."

The sections of the statute referred to by counsel are as follows:

984. "Cases When Party May Rescind. A party to a contract may rescind the same in the following cases only: First. If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party. Second. If through the fault of the party as to whom he rescinds the consideration for his obligation fails in whole or in part. Third. If such consideration becomes entirely void from any cause. Fourth. If such consideration before it is rendered to him, fails in a material respect, from any cause; or, Fifth. By consent of all other parties."

986. "Duty of Party Attempting Rescission. Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules. First. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and, second, he must

restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

From an examination of the record we are of the opinion that counsel for defendant are not in a position to urge that the defense pleaded below was one in equity for the rescission of the contracts entered into with the plaintiff, for the reasons, first, that the answer of the defendant is not capable of being construed as one for rescission in that it contains no allegation that there was an offer to rescind promptly and to restore within a reasonable time the property in question to the plaintiff.

The answer admits the execution of the contracts on behalf of the defendant and that the offer to restore was first made in the answer, which was filed long after the notes sued upon became due and after plaintiff had filed its action to recover upon the notes. The answer by allegations shows clearly that the defense was an action for damages for breach of the contract sued upon, and that such latter defense was excluded from the jury by the court in his instructions. Instruction No. 6 was as follows:

"You are further instructed that under the law defendant can not recover damages of plaintiff by reason of the alleged failure of the machinery purchased by the defendant of plaintiff, to wit, the silo and cutter, to perform the services for which they were intended and for which they were purchased, if you should find that they were not suitable and fit for such purposes, and the jury will not consider the question of such damages, if any, in arriving at their verdict."

In support of the proposition that a defense of rescission of the contract was not available to defendant we call attention to the decision of this court in the case of Spaulding Mfg. Co. v. Holiday, 32 Okla. 823, 124 Pac. 35, wherein it was said:

"The court instructed the jury, over the objections of plaintiff, as to the law governing a tender or offer to return property by a buyer endeavoring to rescind a contract of sale. It is not necessary to pass on the form of the instruction. Under the evidence in the case, no instruction on the subject of tender was proper. The evidence showed that the defendant used the buggy from the time he received it. If he offered to return it at all it was not until he had used it nearly, or quite, a year; and he continued to use it right along. A tender or offer to return property must be made within a reasonable time. Ordinarily the question of what is a reasonable time is for the jury; but the delay may be so long as to be unreasonable as a matter of law. Paige v. McMillan, 41 Wis. 337;

Gammon v. Abrams, 53 Wis. 323, 10 N. W. 479; Kleeb v. Long-Bell Lbr. Co., 27 Wash. 648, 68 Pac. 202; Viertel v. Smith, 55 Mo. App. 617; Metropolitan Rubber Co. v. Monarch Rubber Co., 74 Mo. App. 266; Manley v. Crescent Novelty Mfg. Co., 103 Mo. App. 135, 77 S. W. 489; Tilley v. Montelius Piano Co., 15 Colo. App. 204, 61 Pac. 483. An offer to return a buggy after it has had a year's hard usage, exposed to the weather, as the proof shows this one was, is too late. The delay is unreasonable as a matter of law. The time for rescission had passed. If there was a breach of warranty, defendant is entitled to recover damages for that, if he can make legal proof. The case should be reversed and remanded for a new trial."

At the conclusion of the testimony the court charged the jury as follows:

"3. You are instructed that where one party sells to another, any manufactured article, and is informed of the use to which it is intended to be put, and the conditions it must meet in order to perform the intended services, then the party undertaking to furnish such manufactured article for such purpose impliedly warrants that it is suitable for and adequate for the purposes for which it is purchased when used under ordinary conditions.

"3½. If you find and believe from a fair preponderance of the evidence in this case that the defendant, by a written contract, purchased of plaintiff a certain silo on or about the 27th day of August, 1912, and that plaintiff or its duly authorized agent, was informed and knew of the use for which the said silo was intended, and thereafter shipped to plaintiff the silo for which the note in controversy was given, and that the same came in a knocked down condition and had to be erected in order to be of service, and that the defendant employed skilled carpenters and workmen to set up said material in a proper and workmanlike manner, and that the same was so set up, and that thereafter the said silo came to pieces and fell down and proved wholly unsuitable for the purposes for which it was intended, and purchased, through no fault or negligence on the part of the defendant, and that the defendant thereafter promptly notified the plaintiff of the unsuitable condition of said silo, then and in that event your verdict should be for the defendant as to plaintiff's cause of action number one, upon the promissory note, sued upon therein. Or, if you should find from a fair preponderance of the evidence that the consideration of said note wholly failed by reason of the fact that defendant, by virtue of a written contract, purchased of plaintiff a silo for which the note of $335 was given, and that plaintiff, or its duly authorized agent, was informed or knew of the uses to which the same was intended to be put, and that the said silo, through no fault or negligence on the part of the defendant, proved to be wholly worthless and useless for the purposes for which it was purchased and that upon ascertaining that it was use-

less and worthless, the defendant promptly notified the plaintiff thereof, then the plaintiff could not recover on said count of plaintiff's petition, and your verdict should likewise be for the defendant.

"4. You are further instructed that it is admitted in this case that the defendant purchased of plaintiff a certain cutter for the purpose of cutting ensilage and lifting the same into a silo, and if you find and believe from a fair preponderance of the evidence in this case that plaintiff, or its duly authorized agent, was informed and knew of the uses for which the cutter was purchased, and that thereafter plaintiff shipped said cutter to the defendant, and that the same proved to be unsuitable for the purposes for which it was intended and wholly worthless and unfit for the purposes for which it was purchased, through no fault or negligence on the part of the defendant, and that promptly upon discovering that it was useless and unfit for the purposes for which it was purchased, that the defendant promptly notified the plaintiff of the condition of said cutter, then and in that event your verdict should be for the defendant upon plaintiff's second cause of action."

Each of which was duly excepted to by the plaintiff.

Counsel for plaintiff complain of the instructions thus given by the court wherein they say:

"Then we think that the court should not have submitted the question of the total failure of consideration to the jury, as was done in this instruction on page 116 of case-made. For this instruction was not supported by the evidence. It was the uncontradicted evidence of the defendant and his witnesses all the way through the case that this silo was partly filled during the year 1912 and was filled full during the year 1913. That the ensilage was kept in the silo for months and after the second season's filling had been fed out, then it fell down. The use of the silo for two seasons was certainly some consideration for the note in controversy, and the courts will not question the adequacy of the consideration where any good and valuable consideration is shown."

"Instruction No. 3½ was erroneous for the further reason that it wholly fails to mention or allude to the statutory requirements laid upon a party who seeks to rescind his contract and rely upon failure of consideration. Section 986, Revised Statutes of 1910, lays a duty upon a party seeking to avoid a contract for failure of consideration to rescind promptly, that is, within a reasonable time, and to restore or offer to restore anything of value which he has received. These provisions are conditions precedent to the right to set up the defense. They were absolutely essential to the defense."

Counsel also urge the same objections to the court's instruction No. 4, which applied to the second cause of action. We think that

counsel's objections to these instructions are well taken. We think that, under the allegations of the answer of the defendant, his defense, if any, and the measure of damages came clearly within the provisions of Revised Laws 1910, sections 2865 and 2866, which are are follows:

"2865. Breach of Warranty of Quality. The detriment caused by the breach of a warranty of the quality of personal property, is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time.

"2866. Breach of Warranty of Fitness. The detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose, is deemed to be that which is defined in the last section, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose."

These provisions of the statute have frequently been construed by this court and upheld. In the case of Spaulding Mfg. Co. v. Holiday, 32 Okla. 823, 124 Pac. 35, where the principles involved were almost identical as in the instant case, this court, in its opinion by Rosser, C., said:

"This is a suit by the Spaulding Manufacturing Company against S. N. Holiday upon a note given for part of the purchase price of a buggy sold by plaintiff to the defendant. The petition was in the ordinary form. and also asked the foreclosure of a lien on the buggy for the purchase price. The defendant in his answer admitted the execution of the note, but as a defense pleaded 'that at the time of the purchase of said buggy the plaintiff represented to the defendant that said buggy was of the best material to be obtained. and contained first-class material, and that the workmanship contained in said buggy was first-class in every respect, and they agreed that if said buggy was not as represented they would replace the same with the class and character of buggy so represented, which representations were wholly false and fraudulent. and plaintiff well knew them so to be.' The answer further alleged: 'That the buggy did not contain first-class material, and was not of first-class workmanship, but was very inferior, both in material and workmanship, and that after the defendant purchased said buggy the same began to go to pieces, in that it warped and the felloes shrunk, and various other defects occurred to make it wholly unfit for the use for which the defendant purchased said buggy. That immediately upon discovering that said buggy was of defective workmanship and material and unfit for his use the defendant made demand upon the plaintiff to comply with this warranty. as herein set out. That plaintiff has failed and refused, and wholly fails and refuses, to comply with the terms of this oral warranty, as hereinbefore set out.' * * * The defend-

ant testified that said curtains shipped were without value. The defendant testified that he offered to return the buggy to plaintiff, but did not specify the time nor the terms of the offer. On the 1st of December, 1908, he wrote the plaintiff as follows. 'Gentlemen: Do you intend to make good your contract with me—case of No. 96,170 that you have received $40.00 and hold note for balance. I notice the printed form you sent me it differs somewhat from the one I have. My contract with you is that anything short of 1st class you would make good to me without trouble or expense to me and I would greatly prefer you do this and I will comply with mine as my past record in your house will show.' The defendant had some repairs made on the buggy a time or two before the trial, and paid $13 for the repairs. He did not keep the buggy in a shed, and left it out in the weather when he was not using it. The first repairs he had done on the buggy was nearly a year after he got it."

In that case as in the instant case, there was a general verdict for the defendant, and the case was reversed and remanded for a new trial. In the case of Spaulding Manufacturing Co. v. Cooksie, 34 Okla. 790, 127 Pac. 414, under a similar state of facts, the court in an opinion by Rosser, C., reversed the judgment in favor of the defendant and rendered a judgment in favor of the plaintiff for the amount of the note sued on and attorneys' fees.

In the case of Frick-Reid Supply Co. v. Aggers, 28 Okla. 425, this court in an opinion by Turner, C. J., reversed the verdict and judgment in favor of the defendant and remanded the case for new trial. In the case of Parsons v. Smith, 51 Okla. 495, 151 Pac. 862, opinion by Rittenhouse, C., it was said:

"This action was brought to recover a judgment for $1,400, and interest on two promissory notes made and executed and delivered on April 28, 1909, for the purchase price of a certain jack named Independence. An answer was filed admitting the execution of the notes and alleging a breach of express and implied warranty."

The case was tried to a jury and resulted in a verdict for the defendant for a return of the jack and notes, and in favor of the defendant for costs. And in reversing and remanding the case the learned Commissioner said:

"What the jury attempted to do was to cancel the contract and place the parties in the condition they were in prior to the sale, giving the defendants the earnings from the service of the jack and requiring the plaintiffs to pay the costs. Their attempt to render such a verdict was beyond the issues involved in the case at bar and therefore contrary to law."

And in the syllabus of the opinion it is said:

"Under sections 2900, 2901, Comp. Laws 1909 (sections 2865, 2866, Rev. Laws 1910), the detriment caused by a breach of warranty of the fitness of an animal for a particular purpose is deemed to be the excess, if any, of the value which the animal would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose."

Citing in support thereof the decisions of this court in the case of Burgess et al. v. Felix, 42 Okla. 193, 140 Pac. 1180; Kansas City Hay Press Co. v. Williams, 51 Okla. 67, 151 Pac. 571; Wiggins v. Jackson, 31 Okla. 292, 121 Pac. 662, and the Spaulding cases, cited supra.

From the examination of the record and the instructions of the court we are of the opinion that the case was not tried and the issues submitted to the jury under the proper theory, in that the measure of the defendant's damages was not submitted to the jury within the provisions of the statute, but the instructions given were misleading and prejudicial to the rights of the plaintiff; that the defendant's measure of damages was clearly defined by the terms of the statutes quoted, and that the jury should have been so instructed by the court.

The case is therefore reversed and remanded for a new trial.

OWEN, C. J., and HARRISON, PITCHFORD, and HIGGINS, JJ., concur.