## FIRST NATIONAL BANK OF FT. GIBSON v. GOAD.

No. 28816.    May 21, 1940.

*102 P. 2d 869.*

Garrett, Kyser & Garrett, Harry G. Davis, and Thomas J. Wiley, all of Muskogee, for plaintiff in error.

Jno. W. Porter, of Muskogee, for defendant in error.

OSBORN, J. This action was instituted in the district court of Muskogee county by W. L. Goad, hereinafter referred to as plaintiff, against the First National Bank of Ft. Gibson, a corporation, hereinafter referred to as defendant, for damages for breach of contract. The cause was tried to a jury and resulted in a verdict and judgment for the plaintiff. Defendant has appealed.

Plaintiff's petition consisted of four separate causes of action, each of which alleged the purchase of certain livestock from defendant, which defendant warranted to be sound and fit for farming work. The petition further alleged that said livestock were diseased and unsound at the time of the purchase, and later died; that plaintiff relied upon the alleged false representations of defendant and was damaged thereby. Defendant answered by general denial, and for further defense alleged that the condition of said livestock was apparent to plaintiff and that if said livestock became sick, unable to work and died, it was the result of negligence and lack of proper care upon the part of the plaintiff. Plaintiff replied by general denial, and upon the issues thus formed, the cause was tried to a jury, which returned a verdict for plaintiff in the total sum of $350, and found for defendant as to plaintiff's claim for punitive damages upon each cause of action.

For reversal, defendant urges the single proposition that the trial court erred in refusing to submit the following requested instruction:

"You are instructed that if you find that either of the horses or the mule, purchased by plaintiff, became unfit to work or died on account of the negligence of the plaintiff, the plaintiff can-

not in any event recover therefor and with reference to such animal or animals, your verdict must be for the defendant."

It is defendant's contention that its theory of defense is contained in the foregoing requested instruction and that evidence was introduced tending to sustain it. In this connection defendant urges that the element of proximate cause was not considered by the jury because of the omission of the requested instruction.

Under the issues as formed by the pleadings, it appears that plaintiff sought to recover damages for the breach of defendant's contract of warranty of the livestock for a particular purpose. The action was not one for damages because of the death of the animals, and, as we view it, the fact that the animals died while in the possession of the plaintiff, or the proximate cause of such death, is material only as evidence for the consideration of the jury in determining the extent of the damages incurred because of the alleged breach of warranty as to soundness.

The detriment caused by a breach of warranty of fitness of an animal for a particular purpose is the excess of its value if the warranty had been complied with over its actual value, together with fair compensation for the loss from an effort in good faith to use it for such purpose. See Western Silo Co. v. Cousins, 76 Okla. 154, 184 P. 92; Bishop-Babcock-Becker Co. v. Estes Drug Co., 63 Okla. 117, 163 P. 276; Parsons v. Smith, 51 Okla. 495, 151 P. 862.

Defendant cites numerous authorities for the proposition that it is error for the trial court to refuse to submit an instruction upon a theory of defense supported by the pleadings and the evidence. This rule is well recognized in this jurisdiction, but it is predicated upon the fact that such a theory is a tenable one. As heretofore stated, the death of the animals in question, or the proximate cause thereof, is material only as a matter of evidence, and is not properly within the issues governing plaintiff's right of recovery upon the warranty of defendant. An examination of the instructions given, to which no objection is here presented, indicates that they sufficiently cover the issues in the case. Defendant's requested instruction was properly refused.

The judgment of the trial court is affirmed.

WELCH, V. C. J., and RILEY, HURST, and DANNER, JJ., concur.